FILED

Dec 30  3 54 AM '03

U.S. DISTRICT COURT
NEW HAVEN CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**LEBERT THOMAS**         CIVIL ACTION NO.: 302CV457(MRK)
**PLAINTIFF**

vs.                                                        December 29, 2003

**METROPOLITAN DISTRICT COMMISSION**
      **DEFENDANT**

## DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTION
## TO MOTION FOR SUMMARY JUDGMENT

The Plaintiff, Lebert Thomas, filed an objection to the Defendant's Motion for Summary Judgment. The Defendant, Metropolitan District Commission, would like to address several issues raised by the Plaintiff in his memorandum. The reply will address the following issues:

1. The Levy & Droney report;
2. Punitive damages; and
3. The Geldof warning.

Each issue will be taken in turn.

### I. THE LEVY & DRONEY REPORT

The Plaintiff quotes at some length from the Levy & Droney report, and attached portions of the report as Exhibit A. The Plaintiff has asked the Court to consider the Plaintiff's claims in historical context as presented in the report. The Plaintiff has alleged in his complaint very specific discriminatory actions taken by the MDC against him.

-2-

Plaintiff alleges that he was discriminated against because of his race and his allegations must be viewed as a claim of disparate treatment. The Levy & Droney report does not address the specific allegations made by the Plaintiff. The report is simply an overall review of some of the employment practices at the MDC. In fact, the report concludes that there is no overt discrimination at the MDC. See page 11 of the Report, attached as Defendant's Exhibit A. The Plaintiff alleges overt discrimination, and is very specific in his allegations.

The Levy & Droney report does not address the Plaintiff's claims, and is not relevant to his case. Given this, the report is an improper exhibit and the MDC moves to strike this exhibit from the Plaintiff's objection.

## II. PUNITIVE DAMAGES

The Plaintiff has not objected to the Defendant's Motion for Summary Judgment concerning the punitive damages issue. Given this, and the clear authority on this issue, Summary Judgment for the Defendant should enter on the Plaintiff's punitive damages claim.

## III. GELDOF WARNING

The Defendant, submits a copy of the warning issued to Mr. Geldof dated February 8, 2001 as Exhibit B. In addition, copies of a planned disciplinary action, dated May 13, 2002, and a memorandum dated May 20, 2002 accepting Mr. Geldof's retirement, are attached as Exhibits C and D.

-3-

It is apparent from these documents, that the MDC took the necessary steps to address the inappropriate behavior of Mr. Geldof.

## IV. CONCLUSION

Given the arguments outlined above, and the moving papers submitted previously, the Defendant moves for Summary Judgment on all counts of the Plaintiff's complaint.

PLAINTIFF<br>
METROPOLITAN DISTRICT COMMISSION<br>
<br>
BY _____<br>
ANTHONY J. PALERMINO<br>
Their Attorney<br>
Law Offices of Anthony J. Palermino<br>
945 Wethersfield Avenue<br>
Hartford, Connecticut 06114<br>
(860) 296-0035<br>
ct05651

-4-

## **CERTIFICATION**

**I HEREBY CERTIFY** that a copy of the foregoing was mailed, postage prepaid, on the 29th day of December, 2003 to Attorney Robert W. Heagney, Hassett & George PC, PO Box 454, 928 Hopmeadow Street, Simsbury, CT 06070

Anthony J. Palermino

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **LEBERT THOMAS**<br>      **PLAINTIFF** | **CIVIL ACTION NO.: 302CV457(MRK)** |
| vs. | **December 29, 2003** |
| **METROPOLITAN DISTRICT COMMISSION**<br>      **DEFENDANT** | |

### AFFIDAVIT OF ROBERT J. ZAIK

The undersigned, being duly sworn, deposes and says:

1]   I am over the age of eighteen years and understand the meaning of an oath.

2]   The Metropolitan District Commission is a municipal corporation organized pursuant to the Connecticut General Statutes, with its administrative headquarters located at 555 Main Street, Hartford, Connecticut.

3]   I am assigned as the Manager of Labor Relations for the Metropolitan District Commission, the Defendant in the lawsuit filed by the Plaintiff, Lebert Thomas.

4]   The copies of the February 8, 2001 memorandum, May 13, 2002 memorandum, and May 20, 2002 memorandum, Exhibits B, C and D, are true copies of documents on file at the MDC

Dated at Hartford, Connecticut this 29th day of December, 2003

_____
ROBERT J. ZAIK
Manager of Labor Relations

-2-

STATE OF CONNECTICUT )
                                          ) SS. HARTFORD  December 29, 2003
COUNTY OF HARTFORD     )

    Personally appeared ROBERT J. ZAIK and made oath to the truth of the matters herein and above, before me.

                                                 ANTHONY J. PALERMINO
                                                 Commissioner of the Superior Court

# LEVY & DRONEY, P.C.
ATTORNEYS & COUNSELLORS AT LAW

## *ATTORNEY-CLIENT PRIVILEGED COMMUNICATION*

# COMPLIANCE AUDIT OF EMPLOYMENT PRACTICES OF THE METROPOLITAN DISTRICT COMMISSION UNDERTAKEN BY LEGAL COUNSEL

MARCH 15, 2002

In addition to the review of Items 1-12, we conducted approximately 38 interviews of employees, including the Chief Executive Officer, the Chief Operating Officer, and Chief Administrative Officer, the Affirmative Action Officer, along with many managers, supervisors and employees of the District and several Board members.

Finally, we met with the members of the Blue Ribbon Commission on two occasions to discuss and update the Committee on our findings and progress.

## III.  FINDINGS

### A.  An Overview

In this section of the report, we examine findings made as a result of the Compliance Audit. **We have uncovered no evidence of overt institutionalized racism at the MDC. There appears to be no evidence of systemic discrimination and no pattern or practice discrimination in the District; nor do the MDC policies appear designed to have a discriminatory effect. There is no evidence that promotional policies unfairly disadvantage minorities or that job revaluations are inherently discriminatory.[7]**

---

[7] For example, we did not find evidence of a consistent practice of acting upon Caucasian employee job revaluations and not African-American job revaluations or that Caucasian revaluations were approved and jobs upgraded while minorities were not. These were complaints raised in the presentation to the Board on October 1, 2001. It is to be noted, however, that minority employees who presented for job revaluation legitimately could claim that the MDC failed, sometimes for years, to resolve those claims. That practice seems to have been an issue for all employees seeking revaluation, however.

**To:** Neil Geldolf, Director of Engineering & Planning    **Date:** February 8, 2001

**From:** Robert E. Moore, Chief Administrative Officer

**Subject:** Unacceptable Behavior – January 24, 2001    **File:** Personnel

This memo is a formal reprimand for your actions at a meeting on January 24, 2001, at which it has been reported and confirmed by those present at the meeting, that you yelled loudly and pointed your finger at Lebert Thomas, Manager of Engineering Services, and made derogatory comment to him on what to do with paper you had torn before him. This incident was witnessed by several peers and superiors of Mr. Thomas present at the meeting. Two days later, on January 26, 2001, Mr. Thomas reported that you introduced him to the MDC Chairman in the office, in a setting that Mr. Thomas perceived as threatening.

Mr. Tomas has filed a complaint in this matter. The complaint has been investigated by the Director of Human Resources.

This action on your part, as Mr. Thomas's superior, is unacceptable behavior. This memo is a reprimand for this incident and will be placed in your permanent personnel record. Additionally you are hereby directed to send Mr. Thomas and those present at the meeting a written apology for your actions at the January 24 meeting. Finally, prepare an apology, for my approval, to Chairman Gallicchio for inappropriately engaging him in this matter.

# The Metropolitan District

To:     C. Geldof, Jr., Director of Engineering and Planning      Date: May 13, 2002

From:     R. E. Moore, Chief Administrative Officer      PC    P. Speicher Werbner
                                                                                                                                                                G. Sparks

SUBJECT: Incident on March 4, 2002      File: Human Resources

*Revised 5/20/02 - see 5/20 letter*

On March 7, 2002, I received a report that on March 4, 2002, you berated a subordinate in a loud, angry and demeaning manner in the employee's open work area. This incident was overheard by several employees in the vicinity of the work area, who confirmed the shouting and angry tone. During my discussion with you during the week of March 11, 2002, relating to the incident, you confirmed that you did yell at the employee and expressed "frustration" over work you wanted completed.

Based on the information provided and your own admission, I find that your conduct on March 4, 2002, was totally unacceptable. This is the second time that I have had to speak to you about your behavior toward subordinates. The previous one, also involving anger and shouting at an employee, resulted in a written reprimand dated February 8, 2001. This type of behavior will not be tolerated. I am hereby:

1. Suspending you from work without pay for one day on May 24, 2002;

2. Referring you to the "Employee Assistance Program" (EAP) and requiring your attendance and successful completion of an anger management program as recommended by EAP, and;

3. Requiring you to apologize to the employee toward whom you displayed the anger and shouted.

Failure to fulfill the above conditions, without reasonable cause, will subject you to further disciplinary action.

# THE METROPOLITAN DISTRICT



# The Metropolitan District

| | | | |
|---|---|---|---|
| **To:** | C. Geldof, Director of Engineering and Planning | **Date:** | May 20, 2002 |
| **From:** | R. E. Moore, Chief Administrative Officer | **PC** | G. Sparks |
| | | | P. Speicher Webner |
| **SUBJECT:** | Planned Retirement | **File:** | Human Resources |

In consideration of your May 15, 2002 commitment for retirement effective July 1, 2002 and your 34 years of service to the Metropolitan District Commission, I have reconsidered my proposed disciplinary action concerning the incident referenced in the attached memo which we began to discuss on May 13, 2002.

Effective July 1, 2002, this matter will be considered closed without further application of discipline or referral.

If you have any questions concerning this please contact me.

I wish you the best in your retirement.