UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

JUN  1  1 40 PM '04

U. S. DISTRICT COURT
NEW HAVEN, CONN.

LEBERT THOMAS,                          :
      Plaintiff,                        :
                                    :       No. 3:02CV457(MRK)
v.                                      :
                                      :
METROPOLITAN DISTRICT                   :
COMMISSION,                             :
      Defendant.                        :

## MEMORANDUM OF DECISION

In this case, Plaintiff has asserted various Title VII and Section 1983 claims against the

Metropolitan District Commission. Defendant has moved for summary judgment [*Thomas* doc.

#19]. For the reasons stated below, Defendant's motion is DENIED. Though not consolidated,

this case was considered with *Chavez v. Metropolitan District Commission*, 3:02CV458(MRK)

for purposes of summary judgment and this opinion addresses the motions for summary

judgment in both the *Chavez* case and the *Thomas* case. An identical opinion is being docketed in

each case.

Because the Court is, in the main, denying the motions for summary judgment, the Court

will not set forth the factual background of the case in great detail. Suffice it to say that Mr.

Thomas and Ms. Chavez were both employees of the Metropolitan District Commission

("MDC"), a public instrumentality created by the Special Acts of the State of Connecticut.

Compl. [*Chavez* doc. #1], ¶5. Mr. Thomas, who has worked for MDC since 1985 and is currently

Manager of Engineering Services, alleges that he was subjected to adverse treatment after

testifying on behalf of another MDC employee in 2000 and because of his race. Compl. [*Thomas*

doc. #1], at ¶¶1, 5. Ms. Chavez, who has worked for MDC since 1976 and is currently an

1

Administrator, alleges that she was denied promotions on the basis of her gender and national origin.[1] Compl. [*Chavez* doc. #1], ¶¶12, 13, 43. Both Plaintiffs have asserted claims under 42 U.S.C. §§1981 and 1983 for violations of the First and Fourteenth Amendments and under Title VII, 42 U.S.C. §2000e, *et seq.,* for retaliation, discrimination based on race, and a hostile work environment in the case of Mr. Thomas, and for gender and national origin discrimination and retaliation in the case of Ms. Chavez.

Defendant has moved for summary judgment against Plaintiffs on a number of grounds: (1) that Plaintiffs' claims are barred by the statute of limitations; (2) that neither Plaintiff has presented sufficient evidence to prevail on a Title VII claim; (3) that Plaintiffs' sole remedy is provided by Title VII and not by § 1983; and (4) that Ms. Chavez has not established facts sufficient to impose liability upon the municipality under § 1983. *See* Def's Mot. for Summ. J. [*Thomas* doc. #19]; Def's Mot. for Summ. J. [*Chavez* doc. #22].[2]

Summary judgment is appropriate when there is no dispute as to a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party carries the burden of demonstrating that there is no genuine material dispute of fact. *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 133 (2d Cir. 2000). The Second Circuit has cautioned that "in determining whether a genuine issue has been raised, the inferences to be drawn from the

---

[1] The Court GRANTS Ms. Chavez's Motion to Amend Complaint [doc. #24] absent objection, allowing her to plead discrimination based on gender and national origin rather than race.

[2] Defendant also argued that Plaintiffs' claim for punitive damages was improper but there is no need for the Court to address that argument since Plaintiffs agreed to drop their claims for punitive damages.

2

underlying facts revealed in the affidavits, exhibits, interrogatory answers, and depositions must

be viewed in the light most favorable to the party opposing the motion." *Tomka v. Seiler*, 66 F.3d

1295, 1304 (2d Cir. 1995). That court has also emphasized that additional considerations apply

when ruling on a motion for summary judgment in an employment discrimination case. "In

discrimination cases where state of mind is at issue, we affirm a grant of summary judgment in

favor of an employer sparingly because careful scrutiny of the factual allegations may reveal

circumstantial evidence to support the required inference of discrimination." *Mandell v. County

of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003) (internal quotation omitted).

## I. Statute of Limitations

Defendant first asserts that certain of Plaintiffs' claims are barred by the three-year statute

of limitations that governs Plaintiffs' claims. However, in its moving papers, Defendant has not

identified a single specific allegation by Mr. Thomas which should be barred on this basis. *See*

Def's Mem. in Supp. of Mot. for Summ. J. [*Thomas* doc. #20], at 6-7. Therefore, Defendant has

failed, at least at this time, to meet its burden of proof on its statute of limitations affirmative

defense against Mr. Thomas. *Overall v. Estate of Klotz*, 52 F.3d 398, 403 (2d Cir. 1995)

("Because the statute of limitations is an affirmative defense, the defendant bears the burden of

establishing by prima facie proof that the limitations period has expired since the plaintiff's

claims accrued.").

The only one of Ms. Chavez's claims that Defendant specifically argues is barred by the

statute of limitations is Ms. Chavez's allegations regarding her reassignment by Mr. Milano to the

3

Engineering and Planning Department in 1998.[3] *See* Def's Mem. in Supp. of Mot. for Summ. J. [*Chavez* doc. #23], at 15. Ms. Chavez responds, however, that she was told at the time of her reassignment to the Engineering and Planning Department that it would be temporary and that the change in her status that constitutes an adverse employment action actually occurred on March 13, 2001, when she was stripped of her title as Customer Services Administrator. Viewed as such, Ms. Chavez's 1998 reassignment is not a claim in its own right but rather merely background evidence in support of her claim of adverse employment action in 2001, which occurred well within the statute of limitations. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("Nor does the statute [of limitations] bar an employee from using the prior acts as background evidence in support of a timely claim."). Accordingly, the Defendant has not satisfied its burden of establishing that Ms. Chavez's claims are barred by the statute of limitations.

## II. Title VII Claims

To establish a *prima facie* case of discrimination under Title VII, a plaintiff must establish four elements: (1) that the plaintiff is a member of a protected group; (2) that the plaintiff was qualified for the position; (3) that the plaintiff suffered an adverse employment action; and (4) that the adverse action took place under circumstances giving rise to the inference of discrimination. *See, e.g., Fisher v. Vassar College*, 114 F.3d 1332, 1335 (2d Cir. 1997) (en banc). As the Second Circuit has repeatedly emphasized, a plaintiff's burden in establishing a

---

[3] Defendant does not allege that Ms. Chavez's other claims, including her denial of promotion to the Utility Service Manager and the Manager of Treasury positions, are barred by the statute of limitations.

4

*prima facie* case is minimal. *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 102 (2d Cir. 2001); *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998).

Once the plaintiff establishes a *prima facie* case, "the burden of production shifts to the employer who must defeat a rebuttable presumption of discrimination by articulating a legitimate, non-discriminatory reason for the employment decision." *Byrnie*, 243 F.3d at 102. Like the plaintiff's *prima facie* case, the employer's burden of production is also not very demanding. *See Bickerstaff v. Vassar College*, 196 F.3d 435, 446 (2d Cir. 1999). If the employer offers a non-discriminatory explanation for its employment decision, the presumption raised by the plaintiff's *prima facie* case is rebutted and the factual inquiry "proceeds to a new level of specificity." *Fisher*, 114 F.3d at 1336. At this next level, the plaintiff bears the ultimate burden of establishing that the employer's proffered reason is a pretext for discrimination. *Id.*

Here, each of the Plaintiffs has established a *prima facie* case of discrimination. Each is a member of protected groups – Mr. Thomas is African-American and Ms. Chavez is a Hispanic woman. Each has worked for the MDC for many years, and there is no claim that either is unqualified for the position they hold.

Ms. Chavez has stated that she applied on a number of occasions for promotions that she was not given and that were instead given to Caucasian applicants. *See, e.g.*, Chavez Aff., Pl's Objection to Mot. for Summ. J. [*Chavez* doc. #30], Ex. G., ¶¶13-17. Defendant does not contest Ms. Chavez's claim that she has adequately pleaded an adverse employment action; rather, the Defendant appears to argue that Ms. Chavez's failure to receive these promotions did not give rise to an inference of discrimination. Def's Mem. of Law [*Chavez* doc. #23] at 22. The Court

5

disagrees and concludes that Ms. Chavez has satisfied the requirements of her *prima facie* case on her discrimination claim.

Defendant also challenges Ms. Chavez's retaliation claim under Title VII, arguing that she has offered no evidence that any adverse employment action she suffered was a result of any protected activity. Def's Mem. of Law [*Chavez* doc. #23] at 27. The Second Circuit has clarified that in order to establish a *prima facie* case of retaliation, "a plaintiff must demonstrate that (1) she was engaged in an activity protected under Title VII; (2) the employer was aware of plaintiff's participation in the protected activity; (3) the employer took adverse action against plaintiff; and (4) a causal connection existed between the plaintiff's protected activity and the adverse action taken by the employer." *Mack v. Otis Elevator Co.*, 326 F.3d 116, 129 (2d Cir. 2003) (internal quotations omitted). As far as the Court can tell, Ms. Chavez did not even respond to this argument in her Objection to the Motion for Summary Judgment [*Chavez* doc. #30]. The Court has found no evidence whatsoever in Ms. Chavez's submissions of retaliation for engaging in protected activity. Indeed, in Ms. Chavez's deposition, which the Court has reviewed in connection with the pending motions, Ms. Chavez states that she has no idea why Defendant allegedly retaliated against her. Chavez Deposition, Def's Local Rule 9(c)2 Statement [*Chavez* doc. #25], Ex. E, at 71-72. In short, there is not even a suggestion in the evidence of a causal connection between any protected activity and any adverse action. Cognizant as the Court is that Ms. Chavez's burden of showing a *prima facie* case is minimal, the Court nevertheless must conclude that Ms. Chavez has failed to establish a *prima facie* case of retaliation.

Mr. Thomas claims that he was subjected to a number of instances of adverse treatment that seriously undermined his authority as a manager and that he asserts were in retaliation for his

testimony against the MDC in 2000 and because he is African-American. Compl. [*Thomas* doc. #1] ¶10. Defendant argues, however, that Mr. Thomas's allegations do not constitute an "adverse employment action" under Title VII. The Second Circuit has defined an adverse employment action as a "materially adverse change in the terms and conditions of employment," *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000), and has indicated that a "materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (2d Cir. 1993).

Keeping these principles in mind and taking all of Mr. Thomas' assertions as true, as the Court is required to do at this stage, the Court believes that Mr. Thomas has made sufficient allegations of adverse employment actions that materially changed the terms and conditions of his employment, at least for purposes of establishing a *prima facie* case. These allegations include, among others, acts of the Defendant that overrode Mr. Thomas's decisions, reassigned his work to other employees, excluded him from meetings, and assigned employees to sit in on interviews he had previously conducted individually. While any one of these actions in and of itself might not rise to the level of an adverse employment action, a jury might well conclude that the combination of all of these actions materially and adversely changed the terms and conditions of Mr. Thomas's employment. *See Foster-Bey v. Potter*, 296 F. Supp. 2d 195, 204 (D. Conn. 2003). The Court accordingly finds that Mr. Thomas has adequately alleged adverse employment

actions and, like Ms. Chavez on her discrimination claim, Mr. Thomas has satisfied the requirements of the *prima facie* case.[4]

In response, Defendant has articulated legitimate, nondiscriminatory reasons for its actions in both cases. Proceeding to the final step of the analysis, the Court concludes that Plaintiffs have presented evidence that, if believed, would be sufficient to rebut Defendant's proffered reasons and allow a jury to find evidence of discrimination. There are a significant number of material issues of disputed fact in both cases that are the exclusive province of the jury to resolve, including whether Ms. Chavez was qualified for the positions for which she was not hired, whether those who were hired were any more qualified than she, and whether she was not hired because of her national origin or gender. *See, e.g.*, Pl's Local Rule 56(a)2 Statement [*Chavez* doc. #31], ¶¶ II.2, 6, 7. As to Mr. Thomas, the disputed issues of fact include whether all the events he complains of actually happened as he says they did, and whether they happened as a result of his race or in retaliation for his testimony against Defendant. *See, e.g.*, Pl's Local Rule 56(a)2 Statement [*Thomas* doc. #30], ¶¶II.1, 2, 3. As it must, the Court leaves the evaluation of these disputed issues of fact to the jury. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *see also Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) ("[I]n an employment discrimination case when, as here,

---

[4]Defendant indicates that it is moving for summary judgment on Mr. Thomas's hostile work environment claim as well, but provides no argument or evidence as to why that claim should be dismissed. Def's Mem. in Supp. of Mot. for Summ. J. [*Thomas* Doc. #20], at 9-10. Accordingly, Defendant has failed to carry its burden and the Court will deny summary judgment as to the hostile work environment claim. *See Carlton*, 202 F.3d at 133 (holding that the moving party carries the burden of demonstrating that there is no genuine material dispute of fact).

8

the employer's intent is at issue, the trial court must be especially cautious about granting summary judgment. We reverse a grant of summary judgment if there is any evidence in the record from which a jury could draw a reasonable inference in favor of the nonmoving party on a material fact, i.e., a fact that might affect the outcome of the suit.") (internal citations omitted).

### III. Title VII as Exclusive Remedy

Relying on *Gaynor v. Martin*, 77 F. Supp. 2d 272, 280 (D. Conn. 1999), Defendant argues that Plaintiffs cannot assert claims under both Title VII and § 1983 when their claims under each statute are based on the same underlying conduct and events. Defendant misreads *Gaynor*, which merely acknowledged the unquestionable proposition that a plaintiff cannot plead both a Title VII claim and a § 1983 claim when the sole basis for the § 1983 claim is a claimed violation of Title VII. *Id.* When, however, the underlying violation of § 1983 is not dependent upon a violation of Title VII but instead relies upon some other statute, or, as here, the constitutional guarantee of Equal Protection in the Fourteenth Amendment, a plaintiff can plead both a Title VII and a § 1983 claim arising from the same underlying conduct. The Second Circuit decision relied on in *Gaynor* explicitly says as much. Thus, in *Saulpaugh v. Monroe Community Hosp.*, 4 F.3d 134 (2d Cir. 1993), the Second Circuit stated, "A plaintiff can assert a claim under Section 1983 if some law other than Title VII is the source of the right alleged to have been denied." *Id.* at 143 (cited in *Gaynor*, 77 F. Supp. 2d at 280). A number of other courts have also held that "a public sector employee may assert claims of racially discriminatory employment practices under both Title VII and section 1983, because the Constitution provides a right independent of Title VII to be free from race discrimination by a public employer." *See, e.g., Southard v. Texas Bd. of Crim. Justice*, 114 F.3d 539, 549-550 (5th Cir. 1997). Because

9

Plaintiffs in this case are basing their §1983 claims on violations of the Fourteenth Amendment and not on violations of Title VII, there is no basis on which to dismiss Plaintiffs' § 1983 claims.

### IV. Municipal Liability Under § 1983

Defendant finally argues that Ms. Chavez has not presented sufficient evidence to support her claim of municipal liability under § 1983. Citing the Supreme Court's decision in *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737 (1989) for the proposition that the challenged act must be performed by a body or official with final policymaking authority to occasion municipal liability under § 1983, Defendant argues that Ms. Chavez has submitted evidence only of individual discriminatory conduct by individual employees. Def's Mem. of Law [*Chavez* doc. #23] at 15-16. Ms. Chavez responds by asserting that a number of the adverse employment actions of which she complains were taken at the express direction of Mr. Milano, Defendant's former Chief Executive Officer, and Mr. Moore, Defendant's Chief Administrative Officer, both of whom have final policymaking authority by virtue of their positions as some of the most senior officials within Defendant. Pl's Objection to Mot. for Summ. J. [*Chavez* doc. #30], at IV.

The question of final policymaking authority is a question of state law, *Jett*, 491 U.S. at 737, and Defendant has submitted no evidence or case law that would indicate that Mr. Milano or Mr. Moore, who would appear to be very senior officials of Defendant, lacked final policymaking authority for Defendant under state law. Additionally, even if these individuals did not have ultimate policymaking authority, the Defendant municipality might still be liable under § 1983, if "authorized policymakers approve[d] a subordinate's decision and the basis for it," for

10

in those circumstances "their ratification would be chargeable to the municipality because their decision is final." *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). Given Ms. Chavez's factual claims and affording her the benefit of all reasonable inferences, the Court cannot conclude on the present state of the record that there are no genuine issues of material fact regarding Defendant's liability under § 1983. Accordingly, summary judgment is not appropriate. *See, e.g., Richardson v. Metro. Dist. Comm'n*, 3:00CV1062(JCH), 2003 U.S. Dist. LEXIS 12757 (D. Conn. July 23, 2003) ("Taking the facts in the light most favorable to the plaintiff, there is a material issue of fact as to whether the continued harassment by Johnson was ratified by and acquiesced to by the board."). Of course, nothing in this ruling will prevent Defendant from renewing this argument at trial.

Accordingly, the Court DENIES Defendant's Motion for Summary Judgment in the Thomas case [*Thomas* doc. #19], GRANTS in part and DENIES in part Defendant's Motion for Summary Judgment in the Chavez case [*Chavez* doc. #22], and GRANTS Ms. Chavez's Motion to Amend Complaint [*Chavez* doc. #24]. The Clerk is directed to docket the amended complaint. All claims remain in the case except for Ms. Chavez's Title VII retaliation claim and the punitive damages claims that Plaintiffs previously abandoned. The parties will participate in a telephonic status conference with the Court on **June 9, 2004** at 4:45 p.m. to set a schedule for the trial.

IT IS SO ORDERED.

Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **June 1, 2004**

11