**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LEBERT THOMAS, | : | CIVIL ACTION NO. |
|     Plaintiff | : | 3:02 CV 457 (MRK) |
| | : | |
| : | | |
| | : | |
| THE METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
|     Defendant | : | AUGUST 10, 2004 |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**Count I - Race Discrimination under § 1983**

42 USC §1983 states in relevant part that "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."

Your verdict must be for plaintiff Lebert Thomas, and against defendant Metropolitan District Commission, on plaintiff's race discrimination claim if plaintiff has proved the following elements by a preponderance of the evidence:
1. the Defendant took an adverse employment decision against the plaintiff;
2. Plaintiff's race was a motivating factor in defendant's decision; and
3. Defendant was acting under color of state law.

As to the first element, the Plaintiff has claimed that the Defendant engaged in several actions towards him that could be considered adverse employment decisions.  You may find that the plaintiff has proved the first of the three elements just described if you find by a preponderance of the evidence that one or more of these actions occurred.  The adverse employment decisions claimed by the Plaintiff to have occurred include the following:

- ordering Plaintiff's superiors to sit in on interviews conducted by the Plaintiff;
- overriding actions the Plaintiff had taken with regard to projects under his control or supervision;
- holding meetings and failing to invite Plaintiff with regard to projects for which he had direct and specific responsibilities;
- overriding Plaintiff's decision with regard to the placement of personnel in desks and work areas;
- reassigning work traditionally performed by the Plaintiff to white employees;
- directing Plaintiff to attend meetings for projects in predominantly minority neighborhoods where the Defendant had failed to comply with its prior commitments to resolve problems regarding its services, and thereafter excluding Plaintiff from meetings where the resolution of those matters was being identified and committed to;
- calling the Plaintiff on the day of the jury verdict in the matter of Sharon Harper v. Metropolitan District Commission, and telling him not to incite trouble;

- threatening, intimidating an humiliating the Plaintiff in the course of a staff meeting;
- confronting the Plaintiff in a threatening and intimidating manner while accompanied by the Chairman of the MDC after Plaintiff raised a complaint about his superior's conduct in the staff meeting;
- refusing to consider the reclassification of Plaintiff's position.

As to the second element, you must find by a preponderance of the evidence that the Plaintiff's race was a motivating factor in defendant's decision. "Motivating factor" means that the evidence must show that, but for his race, Plaintiff Lebert Thomas would not have suffered the adverse employment decision. The phrase "motivating factor" does not mean that it was the only motivation for defendant's decision. However, it must have been a factor that actually led to the decision.

In showing that Plaintiff's race was a motivating factor, Plaintiff Lebert Thomas is not required to prove that his race was the sole motivation or even the primary motivation for defendant's decision. Plaintiff Lebert Thomas need only prove that race played a significant part in the defendant's decision even though other factors may also have motivated defendant.

As to the third element, you must find by a preponderance of the evidence that, while engaging in one or more adverse employment decision against the plaintiff, Defendant was acting under color of state law. The Plaintiff may satisfy this element by showing that an adverse employment decision taken against the Plaintiff was done pursuant to a governmental custom, policy, regulation or decision.

When a person is injured as the proximate result of a governmental policy, custom, regulation or decision, made by those officials whose statements or acts may fairly be said to represent official policy, defendant Metropolitan District Commission itself is responsible for the injury that it caused. You must find that Defendant acted under color of state law if the Plaintiff, Lebert Thomas, was subjected to one or more adverse employment decisions pursuant to an official policy, statement, ordinance, regulation, or decision. The Defendant need not have approved this policy through official channels. Rather, Defendant is liable if Plaintiff was treated adversely by a municipal official who possessed final policymaking authority in the particular area involved.

However, your verdict must be for defendant if any of the above elements has not been proved by the preponderance of the evidence, or if it has been proved by the preponderance of the evidence that defendant would have [insert adverse employment action plaintiff] regardless of [his/her] race.

**Authorities:** Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

The plaintiff, Lebert Thomas, has also claimed that the defendant, Metropolitan District Commission, subjected him to a hostile work environment. To succeed on this claim, the plaintiff must prove by a preponderance of the evidence that the workplace was permeated with discriminatory intimidation, ridicule, and insult that were sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a hostile environment. That is, the conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive. Likewise, the victim himself or herself must perceive the environment to be abusive, demonstrating that the conduct has actually altered the conditions of the victim's employment.

To succeed, plaintiff [name] must show:

1. [he/she] is a member of a protected class
2. [he/she] was subjected to harassment, either through words or actions, based on race;
3. the harassment had the effect of unreasonably interfering with the employee's work performance and creating an objectively intimidating, hostile, or offensive work environment; and
4. there exists some basis for liability on the part of the employer.

While no single factor is determinative, among the factors you should consider should be:
- The total physical environment of the plaintiff's work area
- The reasonable expectations of the plaintiff upon entering the environment
- The frequency of the offensive conduct
- The severity of the conduct
- Whether the conduct was physically threatening or humiliating
- Whether the conduct was unwelcome
- Whether it was merely an offensive utterance
- Whether it unreasonably interfered with the employee's work performance
- Whether the conduct was verbal, physical or both

**Count II - Race Discrimination under § 1981**
Plaintiff's claim for recovery under Section 1981 is based upon a federal statute, which provides that all persons within the United States shall have the same right to make and enforce contracts and to the full and equal benefit of all laws as is enjoyed by white citizens. This law entitles a person of color to equal opportunity and treatment in employment. Thus, when an employer acts adversely against a person of color because of that person's race, the law has been violated and the person of color may file suit and recover damages.

Your verdict must be for plaintiff Lebert Thomas and against defendant Metropolitan District Commission on plaintiff's race discrimination claim if both the following elements have been proved by the preponderance of the evidence:
1. Defendant took an adverse employment decision against the plaintiff; and
2. Plaintiff's race was a motivating factor in defendant's decision.

As to the first element, the Plaintiff has claimed that the Defendant engaged in several actions towards him that could be considered adverse employment decisions. You may find that the plaintiff has proved the first of the three elements just described if you find by a preponderance of the evidence that one or more of these actions occurred. The adverse employment decisions claimed by the Plaintiff to have occurred include the following:
- ordering Plaintiff's superiors to sit in on interviews conducted by the Plaintiff;
- overriding actions the Plaintiff had taken with regard to projects under his control or supervision;
- holding meetings and failing to invite Plaintiff with regard to projects for which he had direct and specific responsibilities;
- overriding Plaintiff's decision with regard to the placement of personnel in desks and work areas;
- reassigning work traditionally performed by the Plaintiff to white employees;
- directing Plaintiff to attend meetings for projects in predominantly minority neighborhoods where the Defendant had failed to comply with its prior commitments to resolve problems regarding its services, and thereafter excluding Plaintiff from meetings where the resolution of those matters was being identified and committed to;
- calling the Plaintiff on the day of the jury verdict in the matter of <u>Sharon Harper v. Metropolitan District Commission</u>, and telling him not to incite trouble;
- threatening, intimidating an humiliating the Plaintiff in the course of a staff meeting;
- confronting the Plaintiff in a threatening and intimidating manner while accompanied by the Chairman of the MDC after Plaintiff raised a complaint about his superior's conduct in the staff meeting;
- refusing to consider the reclassification of Plaintiff's position.

As to the second element, you must find by a preponderance of the evidence that the Plaintiff's race was a motivating factor in defendant's decision. "Motivating factor" means that the evidence must show that, but for his race, Plaintiff Lebert Thomas would not have suffered the adverse employment decision. The phrase "motivating factor" does not mean that it was the only motivation for defendant's decision. However, it must have been a factor that actually led to the decision.
     In showing that Plaintiff's race was a motivating factor, Plaintiff Lebert Thomas is not required to prove that his race was the sole motivation or even the primary motivation for defendant's decision. Plaintiff Lebert Thomas need only prove that race played a significant part in the defendant's decision

even though other factors may also have motivated defendant.

The distinction between this Count and the First Count is that, in order to establish a case of discrimination under Section 1981, there is no requirement that the employer acted under color of state law.

However, your verdict must be for defendant if either of the above elements has not been proved by the preponderance of the evidence, or if it has been proved by the preponderance of the evidence that defendant would have engaged in the adverse employment actions as to Plaintiff regardless of his race.

The plaintiff, Lebert Thomas, has also claimed that the defendant, Metropolitan District Commission, subjected him to a hostile work environment.  To succeed on this claim, the plaintiff must prove by a preponderance of the evidence that the workplace was permeated with discriminatory intimidation, ridicule, and insult that were sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a hostile environment.  That is, the conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive. Likewise, the victim himself or herself must perceive the environment to be abusive, demonstrating that the conduct has actually altered the conditions of the victim's employment.

To succeed, plaintiff [name] must show:
1. [he/she] is a member of a protected class
2. [he/she] was subjected to harassment, either through words or actions, based on race;
3. the harassment had the effect of unreasonably interfering with the employee's work performance and creating an objectively intimidating, hostile, or offensive work environment; and
4. there exists some basis for liability on the part of the employer.

While no single factor is determinative, among the factors you should consider should be:
- The total physical environment of the plaintiff's work area
- The reasonable expectations of the plaintiff upon entering the environment
- The frequency of the offensive conduct
- The severity of the conduct
- Whether the conduct was physically threatening or humiliating
- Whether the conduct was unwelcome
- Whether it was merely an offensive utterance
- Whether it unreasonably interfered with the employee's work performance
- Whether the conduct was verbal, physical or both

**Count III – Race Discrimination under Title VII**
Under Title VII, it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, or national origin.

To prevail on a claim of racial discrimination under Title VII, the plaintiff must prove that his employer intended to discriminate. Plaintiff may prove that such a forbidden intention was a motivating factor through presentation of either "direct" or "circumstantial" evidence.

Plaintiff may prove that race was a "motivating factor" in an adverse employment decision through the presentation of "direct evidence" – that is, evidence tied directly to the alleged discriminatory animus. Examples of such "direct evidence" may include racial comments by decisionmakers or documentation containing racially based information.

Once a Title VII plaintiff presents direct evidence that race played a motivating part in an employment decision, Defendant may limit the extent of Plaintiff's recovery by proving, by a preponderance of the evidence, that it would have made the same decision even if it had not taken Plaintiff's race into account.
The employer may not succeed by offering a legitimate and sufficient reason for its decision if that reason did not motivate it at the time of the decision. Moreover, the employer will not meet its burden of proof by merely showing that, at the time of the decision, it was motivated only in part by a legitimate reason.

To prove that his race was a motivating factor using circumstantial evidence, Plaintiff must show that:
1. he is a member of a protected class;
2. who performed his job satisfactorily,
3. who suffered an adverse employment action,
4. under circumstances giving rise to an inference of discrimination


The plaintiff, Lebert Thomas, has also claimed that the defendant, Metropolitan District Commission, subjected him to a hostile work environment. To succeed on this claim, the plaintiff must prove by a preponderance of the evidence that the workplace was permeated with discriminatory intimidation, ridicule, and insult that were sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a hostile environment. That is, the conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive. Likewise, the victim himself or herself must perceive the environment to be abusive, demonstrating that the conduct has actually altered the conditions of the victim's employment.

To succeed, plaintiff [name] must show:
1. [he/she] is a member of a protected class
2. [he/she] was subjected to harassment, either through words or actions, based on race;
3. the harassment had the effect of unreasonably interfering with the employee's work performance and creating an objectively intimidating, hostile, or offensive work environment; and
4. there exists some basis for liability on the part of the employer.

While no single factor is determinative, among the factors you should consider should be:

- The total physical environment of the plaintiff's work area
- The reasonable expectations of the plaintiff upon entering the environment
- The frequency of the offensive conduct
- The severity of the conduct
- Whether the conduct was physically threatening or humiliating
- Whether the conduct was unwelcome
- Whether it was merely an offensive utterance
- Whether it unreasonably interfered with the employee's work performance
- Whether the conduct was verbal, physical or both

**Count IV – Discrimination as retaliation under Title VII**
An employer may not discriminate against any of its employees or applicants for employment because such individual has opposed any practice made unlawful by Title VII, or because such individual has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or litigation under Title VII.

To demonstrate a *prima facie* case of retaliation, a Title VII plaintiff must show:
1.  He engaged in statutorily protected activity,
2.  He suffered an adverse employment action, and
3.  a causal link existed between the protected activity and the adverse action.

There must be competent evidence that the alleged retaliators knew of Plaintiff's protected activity and that a retaliatory motive played a part in the adverse employment actions alleged.  To establish a causal link, the plaintiff only has to establish that the protected activity and the adverse action were not wholly unrelated. Once again, suspicious timing does constitute circumstantial, or indirect, evidence to support a claim of discrimination.

If the Plaintiff has established a *prima facie* case of retaliation, the burden then shifts to Defendant to produce a legitimate, nondiscriminatory reason for the adverse action.  If Defendant does so, Plaintiff then bears the burden of showing that the employer's proffered reason is pretextual.


Authorities: Simmons v. Camden County Bd. Of Educ., 757 F.2d 1187, 1189 (l1th Cir.1985)


The plaintiff, Lebert Thomas, has also claimed that the defendant, Metropolitan District Commission, subjected him to a hostile work environment.  To succeed on this claim, the plaintiff must prove by a preponderance of the evidence that the workplace was permeated with discriminatory intimidation, ridicule, and insult that were sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a hostile environment.  That is, the conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive. Likewise, the victim himself or herself must perceive the environment to be abusive, demonstrating that the conduct has actually altered the conditions of the victim's employment.

To succeed, plaintiff [name] must show:
1.   [he/she] is a member of a protected class
2.   [he/she] was subjected to harassment, either through words or actions, based on race;
3.   the harassment had the effect of unreasonably interfering with the employee's work performance and creating an objectively intimidating, hostile, or offensive work environment; and
4.   there exists some basis for liability on the part of the employer.

While no single factor is determinative, among the factors you should consider should be:
- The total physical environment of the plaintiff's work area
- The reasonable expectations of the plaintiff upon entering the environment
- The frequency of the offensive conduct
- The severity of the conduct
- Whether the conduct was physically threatening or humiliating
- Whether the conduct was unwelcome

- Whether it was merely an offensive utterance
- Whether it unreasonably interfered with the employee's work performance
- Whether the conduct was verbal, physical or both

**Damages:**

If you find the defendant is liable to the plaintiff under any or all of the foregoing theories, then you must also determine an amount that is fair compensation for all of the injuries, if any, that he suffered because of the discrimination. The purpose of damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that the plaintiff has suffered. Under Title VII and Sections 1981 and 1983 damages include (1) lost salary and benefits and (2) compensatory damages for intangible losses. Intangible losses may include, but are not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, shame, loss of self-esteem, fear, embarrassment, depression, and injury to reputation or professional standing which plaintiff has suffered or may suffer in future.

You may award damages only for injuries that the Plaintiffs prove were caused by the Defendants' allegedly discriminatory conduct. The damages that you award must be fair compensation for all of plaintiff's damages, no more and no less. You should not award damages for speculative injuries, but only for those injuries that plaintiff has actually suffered or is reasonably likely to suffer in the future.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence.

One element of the damages that you must consider is backpay and benefits. That is, as part of a damage recovery, you must award plaintiff an amount equal to the pay and benefits that he would have received from the Defendants had he been paid at the appropriate level, from the time that he requested his reclassification until the date of trial, unless you find that plaintiff failed to prove his claim as to the allegations of a discriminatory failure to compensate appropriately.

Plaintiffs are not required to prove with unrealistic precision the amount of lost earnings, if any, due to plaintiff. Any ambiguities in determining what he would have earned should be resolved against the Defendants.

If Defendants are found liable, plaintiff is entitled to compensatory damages that he has suffered as a direct result of Defendants' conduct. No evidence of the monetary value of intangible things, such as mental pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in light of the evidence.

If you find that Lebert Thomas is entitled to compensatory damages for intangible losses, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiffs prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

If you consider the issue of future damages, the plaintiff is entitled to the reasonable value of any loss of future earning power necessarily caused by the Defendant's actions. In determining this amount, you may consider what the plaintiff's earning power was before the statement, what it would have been at the present time had the statement in question not taken place, and what it is now.

                    RESPECTFULLY SUBMITTED,
                    PLAINTIFF, LEBERT THOMAS


By:    _____
       Robert W. Heagney (ct 5658) and
       Stuart E. Brown, Esq. (ct 24659)
       Hassett & George, P.C.
       555 Franklin Avenue
       Hartford, Connecticut 06114
       (860) 296-2111

\\Sbs2k\shared\Labor\Thomas, Lebert\lebert thomas jury instructions.doc