UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEBERT THOMAS,<br>    Plaintiff, | : | CIVIL ACTION NO.<br>3:02-CV-00457 (MRK) |
| | : | |
| v. | : | |
| | : | |
| THE METROPOLITAN DISTRICT<br>COMMISSION,<br>    Defendant. | :<br>:<br>: | AUGUST 9, 2004 |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Court's Standing Order Regarding Trial Memoranda in Civil Cases, the defendant, The Metropolitan District Commission, requests that the Court instruct the jury on the law as set forth in the following requests.

DEFENDANT, THE METROPOLITAN
DISTRICT COMMISSION

By: /s/
James A. Wade (ct00086)
E-mail: jwade@rc.com
Stephen W. Aronson (ct02216)
E-mail: saronson@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Phone: (860) 275-8200
Fax: (860) 275-8299

HART1-1196880-6

TABLE OF CONTENTS

| | | |
|---|---|---|
| INSTRUCTION NO. 1: | OVERVIEW OF PLAINTIFF'S CLAIMS | 4 |
| INSTRUCTION NO. 2: | SECTION 1983 STATUTE | 5 |
| INSTRUCTION NO. 3: | SECTION 1983 BURDEN OF PROOF | 7 |
| INSTRUCTION NO. 4: | SECTION 1983 ELEMENTS OF A CLAIM | 8 |
| INSTRUCTION NO. 5: | SECTION 1983 STATE OF MIND | 9 |
| INSTRUCTION NO. 6: | SECTION 1983 INTENT | 10 |
| INSTRUCTION NO. 7: | SECTION 1983 ACTION UNDER COLOR OF STATE LAW | 11 |
| INSTRUCTION NO. 8: | SECTION 1983 OFFICIAL ACTING UNDER STATE LAW | 12 |
| INSTRUCTION NO. 9: | SECTION 1983 DEPRIVATION OF RIGHT | 13 |
| INSTRUCTION NO. 10: | SECTION 1983 PROXIMATE CAUSE | 14 |
| INSTRUCTION NO. 11: | SECTION 1983 MUNICIPAL CORPORATIONS | 16 |
| INSTRUCTION NO. 12: | SECTION 1983 PRACTICE AND CUSTOM | 18 |
| INSTRUCTION NO. 13: | SECTION 1981 STATUTE | 19 |
| INSTRUCTION NO. 14: | SECTION 1981 - ELEMENTS OF CLAIM | 20 |
| INSTRUCTION NO. 15: | MOTIVATING FACTOR | 22 |
| INSTRUCTION NO. 16: | SECTION 1981 - FAILURE TO PROMOTE | 23 |
| INSTRUCTION NO. 17: | SECTION 1981 - INTENT | 24 |
| INSTRUCTION NO. 18: | SECTION 1981 HOSTILE WORK ENVIRONMENT | 25 |
| INSTRUCTION NO. 19: | SECTION 1981 HOSTILE WORK ENVIRONMENT – PERVASIVE AND SEVERE CONDUCT | 26 |
| INSTRUCTION NO. 20: | SECTION 1981 HOSTILE WORK ENVIRONMENT – OBJECTIVE AND SUBJECTIVE STANDARD | 29 |
| INSTRUCTION NO. 23: | RETALIATION – OVERVIEW AND ELEMENTS | 33 |

| | | |
|---|---|---|
| INSTRUCTION NO. 24: | RETALIATION – TANGIBLE ADVERSE EMPLOYMENT ACTION | 34 |
| INSTRUCTION NO. 25: | RETALIATION – CAUSAL CONNECTION | 36 |
| INSTRUCTION NO. 26: | DEFENSES – INTRODUCTION AND BURDEN OF PROOF | 38 |
| INSTRUCTION NO. 27: | HOSTILE WORK ENVIRONMENT – EMPLOYER LIABILITY DEFENSE | 39 |
| INSTRUCTION NO. 28: | HOSTILE WORK ENVIRONMENT – EMPLOYER'S REASONABLE CARE DEFENSE | 40 |
| INSTRUCTION NO. 29: | "SAME DECISION" DEFENSE | 41 |
| INSTRUCTION NO. 30: | BUSINESS JUDGMENT | 42 |
| INSTRUCTION NO. 31: | DAMAGES | 43 |
| INSTRUCTION NO. 33: | DAMAGES – MITIGATION OF DAMAGES | 45 |

**INSTRUCTION NO. 1:    OVERVIEW OF PLAINTIFF'S CLAIMS**

The plaintiff, Thomas Lebert, has alleged that the defendant, The Metropolitan District Commission, violated his civil rights by discriminating against him on the basis of his race, African-American, and retaliated against him for his having testified in an earlier lawsuit filed by another MDC employee, named Sharon Harper. Mr. Thomas asserted his race discrimination claims in three counts and his retaliation claim in a fourth count. I will tell you now the legal basis of each of the four counts and then instruct you on the law for each of those counts. As I do so, you must keep the elements of each count separate. You must guard against commingling the elements of those counts. The three counts in which Mr. Thomas claimed race discrimination are: Count One – Section 1983; Count Two – Section 1981; and Count Three – Title VII. The Fourth Count is his claim for retaliation under Title VII.

After I instruct you on the law applicable to each count, I will instruct you on the MDC's defenses and then damages. The fact that I instruct you on the law for the MDC's defenses or for damages does not mean that the plaintiff has proven a claim for damages or that he is entitled to an award of damages.

I will now instruct you on the law applicable to each Count.

**Authorities:**

Plaintiff's Complaint.

### INSTRUCTION NO. 2:  SECTION 1983 STATUTE

In Mr. Thomas's First Count, the law to be applied is a federal civil rights law that provides a remedy for individuals who have been deprived of their constitutional or statutory rights under color of state law.

Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities, secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress.

Section 1983 was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment to the Constitution provides that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The Equal Protection Clause of the Fourteenth Amendment prohibits discrimination against public employees on the basis of race. This includes the creation of a racially hostile or abusive work environment, which is also prohibited. Federal law provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the plaintiff's rights under the Constitution of the United States.

**Authorities:**

42 U.S.C. § 1983.

Gonzaga Univ. v. Doe, 536 U.S. 273, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002).

Sand, Siffert, Reiss, & Batterman, <u>Modern Federal Jury Instructions (Civil)</u>, Instr. 87-65 (2004).

## INSTRUCTION NO. 3:     SECTION 1983 BURDEN OF PROOF

The plaintiff has the burden of proving each and every element of his section 1983 claim by a preponderance of the evidence. If you find that any one of the elements of the plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the MDC.

The MDC has the burden of proving each element of its affirmative defenses. If you find that any one of the elements of the MDC's defenses has not been proven by a preponderance of the evidence, you must disregard the defense.

**Authorities:**

Gomez v. Toledo, 446 U.S. 635, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980).

Alexander v. Alexander, 706 F.2d 751 (6th Cir. 1983).

Beard v. Mitchell, 604 F.2d 485 (7th Cir. 1979).

Buller v. Buechler, 706 F.2d 844 (8th Cir. 1983; Landrum v. Moats, 576 F.2d 1320 (8th Cir. 1978).

McGhee v. Draper, 564 F.2d 902 (10th Cir. 1979).

Sand, Siffert, Reiss, & Batterman, Modern Federal Jury Instructions (Civil), Instr. 87-67 (2004).

**INSTRUCTION NO. 4:     SECTION 1983 ELEMENTS OF A CLAIM**

To establish a claim under section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following four elements:

First, that the MDC intentionally discriminated against the plaintiff based on his race by creating a racially hostile environment;

Second, that the conduct complained of was committed by an employee of the MDC acting under color of state law;

Third, that the conduct complained of actually deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Fourth, that the MDC's conduct was the proximate cause of any injuries or consequent damages sustained by the plaintiff.

I shall now instruct you on each of the four elements in greater detail.

**Authorities:**

Beardsley v. Webb, 30 F.3d 524, 527 (4th Cir. 1994).

Johnson v. City of Fort Lauderdale, 148 F.3d 1228, 1229-30 (11th Cir. 1998).

Parrott v. Taylor, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981).

Martinez-Velez v. Simonet, 919 F.2d 808 (1st Cir. 1990).

Eagleston v. Guido, 41 F.3d 865 (2nd Cir. 1994).

New Burham Prairie Homes, Inc. v. Village of Burnham, 910 F.2d 1474 (7th Cir. 1990).

Sand, Siffert, Reiss, & Batterman, Modern Federal Jury Instructions (Civil), Instr. 87-68 (2004).

## INSTRUCTION NO. 5:   SECTION 1983 STATE OF MIND

I instruct you that, to establish a claim under section 1983, the plaintiff must prove that the MDC acted intentionally. If you find that the acts of the MDC were mere negligence and intentional, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the MDC.

**Authorities:**

>Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986);
>Davidson v. Cannon, 474 U.S. 344, 106 S. Ct. 688, 88 L. Ed. 2d 677 (1986).

>Shaw by Strain v. Strackhouse, 920 F.2d 1135 (3d Cir. 1991).

>Harrell v. Cook, 169 F.3d 428 (7th Cir. 1999).

>Sand, Siffert, Reiss, & Batterman, Modern Federal Jury Instructions (Civil), Instr. 87-75 (2004).

## INSTRUCTION NO. 6:   SECTION 1983 INTENT

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. In determining whether the MDC acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

**Authorities:**

Sand, Siffert, Reiss, & Batterman, <u>Modern Federal Jury Instructions (Civil)</u>, Instr. 87-76 (2004).