## INSTRUCTION NO. 7:  SECTION 1983 ACTION UNDER COLOR OF STATE LAW

The second of the plaintiff's claim is that the MDC acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state. The term "state" encompasses any political subdivision of a state, such as a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he or she possesses by virtue of sate law.

An actor may misuse power that he or she possesses by virtue of state law even if his or her acts violate state law; what is important is that the plaintiff must prove that the defendant was clothed with the authority of state law, and that the defendant's action was made possible by virtue of state law.

**Authorities:**

American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 119, S. Ct. 977, 143 L. Ed. 2d 130 (1999).

Martinez v. Colon, 54 F.3d 980 (1st Cir. 1995).

Neito v. Kapoor, 268 F.3d 1208 (10th Cir. 2001).

Sand, Siffert, Reiss, & Batterman, Modern Federal Jury Instructions (Civil), Instr. 87-69 (2004).

**INSTRUCTION NO. 8:   SECTION 1983 OFFICIAL ACTING UNDER STATE LAW**

The plaintiff claims that the MDC was acting under color of the law when the MDC allegedly deprived the plaintiff of his constitutional or statutory right to be free from discrimination on account of his race.

In order for an act to be under color of state law, the plaintiff must prove that the act is of such nature and is committed under such circumstances that it would not have occurred except for the fact that the MDC was clothed with the authority of the state— that is to say, the MDC must have purported or pretended to be lawfully exercising his official power while in reality abusing it.

The act of a state official in pursuit of his or her personal aims that is not accomplished by virtue of his or her state authority is not action under color of state law merely because the individual happens to be a state official.

**Authorities:**

American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999).

Monell v. Dept. of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978).

Paul v. Davis, 424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976).

Zambrana-Marrero v. Suarez-Cruz, 172 F.3d 122 (1st Cir. 1999); Barreto-Rivera v. Medine-Vargas, 168 F.3d 42 (1st Cir. 1999).

Bonenberger v. Plymouth Township, 132 F.3d 20 (3rd Cir. 1997).

Gibson v. City of Chicago, 910 F.2d 1510 (7th Cir. 1990).

Jones v. Gutschenritter, 909 F.2d 1208 (8th Cir. 1990).

Sand, Siffert, Reiss, & Batterman, Modern Federal Jury Instructions (Civil), Instr. 87-71 (2004).

**INSTRUCTION NO. 9:     SECTION 1983 DEPRIVATION OF RIGHT**

The third element of plaintiff's claim requires that he prove that he was deprived of a federal right by the MDC. In order for the plaintiff to establish the second element, he must show each of these things by a preponderance of the evidence: first, that the MDC committed the acts alleged by the plaintiff; second, that those acts caused the plaintiff to suffer the loss of a federal right; and, third, that, in performing the acts alleged, the MDC acted intentionally.

**Authorities:**

Conn. v. Gabbert, 526 U.S. 286, 119 S. Ct. 1292, 143 L. Ed. 2d 399 (1999); Maine v. Thiboutot, 448 U.S. 1, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980).

Fournier v. Reardon, 160 F.3d 754 (1st Cir. 1998), *cert. denied*, 526 U.S. 1065 (1999).

Young v. County of Fulton, 160 F.3d 899 (2d Cir. 1998); Marshall v. Switzer, 10 F.3d 925 (2nd Cir. 1993).

Sand, Siffert, Reiss, & Batterman, Modern Federal Jury Instructions (Civil), Instr. 87-74 (2004).

**INSTRUCTION NO. 10:    SECTION 1983 PROXIMATE CAUSE**

The fourth element that the plaintiff must prove is that the MDC's acts were the proximate cause of any injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury; that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission. If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant. If you find that the MDC has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of the MDC's conduct, you must find that the MDC did not proximately cause the plaintiff's alleged injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

- 14 -

A defendant is not liable if the plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.

**Authorities:**

Grivhan v. Western Line Consolidated School District, 439 U.S. 410, 99 S. Ct. 693, 58 L. Ed. 2d 619 (1979); Mt. Healthy City School District Board of Educ. v. Doyle, 429 U.S. 274, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977).

Gierlinger v. Gleason, 160 F.3d 858 (2d Cir. 1998).

Sand, Siffert, Reiss, & Batterman, Modern Federal Jury Instructions (Civil), Instr. 87-79 (2004).

## INSTRUCTION NO. 11:   SECTION 1983 MUNICIPAL CORPORATIONS

The fact that an employee of a municipal corporation deprived the plaintiff of a federal right is not alone a sufficient basis for holding the municipal corporation liable to the plaintiff. Before you can hold the municipal corporation liable, the plaintiff must establish by a preponderance of the evidence that the action of the employee which deprived him of his federal right was the result of an "official policy" of the municipality or a governmental custom, even though such a custom has not received formal approval through the body's official decision-making channels. Thus, before you can hold the municipal corporation liable, you must be convinced that the acts in question were officially sanctioned or ordered by the municipality.

There is no requirement, however, that the action was taken pursuant to a long-standing or regularly applied policy of the municipality. A government frequently chooses a course of action tailored to a particular situation. Even if you determine that the particular policy was established for a single occasion, you may still find that it represented an official policy of the municipality, provided that a deliberate choice to follow a course of action was made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

So, in this case, the MDC can be held liable only if you find that the deprivation of the plaintiff's constitutional rights was the direct result of the MDC's ordinance, regulation, decision, policy, or custom. A governmental entity is responsible only when an injury is inflicted through the execution of its policy or custom, whether made by its

lawmakers or by those whose edicts or acts may fairly be said to represent official policy.

It is not enough merely to show that an MDC employee caused the plaintiff's injury.

**Authorities:**

> Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed 2d 452 (1986); Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).
>
> Katz v. Morganthau, 892 F.2d 20 (2d Cir. 1989).
>
> Sand, Siffert, Reiss, & Batterman, Modern Federal Jury Instructions (Civil), Instr. 87-81 (2004).

**INSTRUCTION NO. 12:   SECTION 1983 PRACTICE AND CUSTOM**

Whether an official practice or custom exists is a question of fact for you to determine. A practice or custom is a persistent, widespread course of conduct by municipal officials that has become a traditional way of carrying out policy, and has acquired the force of law, even though the municipality has not formally adopted or announced the custom.

**Authorities:**

Adickes v. S.H. Kress Co., 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970).

Vann v. City of New York, 72 F. 3d 1040 (2nd Cir. 1995); Powell v. Gardner, 891 F.2d 1039 (2d Cir. 1989).

Sand, Siffert, Reiss, & Batterman, Modern Federal Jury Instructions (Civil), Instr. 87-83 (2004).