## INSTRUCTION NO. 13:  SECTION 1981 STATUTE

In Mr. Thomas's Second Count, the law to be applied is a federal civil rights law that prohibits race discrimination in the making and enforcement of contracts.

Section 1981 of the Federal Civil Rights Act provides:

(a)    State of equal rights

All persons within the jurisdiction of the United States shall have the same rights in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b)    Definition

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

**Authorities:**

42 U.S.C. § 1981.

## INSTRUCTION NO. 14:  SECTION 1981 - ELEMENTS OF CLAIM

In order for the plaintiff to establish his claim against the MDC, the plaintiff has the burden of proving by a preponderance of the evidence that the MDC had a discriminatory purpose or motive in that the MDC's actions were, more likely than not, motivated by the plaintiff's race.

In order to recover under section 1981, the plaintiff must prove each of the following elements by a preponderance of the evidence:

First, that the plaintiff must prove that the MDC failed to promote the plaintiff, threatened the plaintiff, created a hostile work environment, refused to reclassify his position, and removed his job responsibilities; and

Second, that the plaintiff's race was a substantial or motivating factor that prompted the MDC's decisions.

In order for the plaintiff to recover on his claim against the MDC, the plaintiff must prove that the MDC intentionally discriminated against the plaintiff. That is, the plaintiff's race must be proven to have been a motivating factor in the MDC's actions allegedly taken toward the plaintiff.

The mere fact that the plaintiff is an African-American and was not promoted, received threats, perceived his workplace as hostile, was not reclassified, or had his job responsibilities changed, is not sufficient, in and of itself, to establish the plaintiff's claim under the law.

If either of the above elements has not been proved a preponderance of the evidence, you must decide in favor of the MDC and you must not consider the plaintiff's claim any further.

**Authorities:**

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 170.20 (5th ed. 2001).

## INSTRUCTION NO. 15:    MOTIVATING FACTOR

The term "motivating factor" means that the evidence must show that, but for the plaintiff's race, the plaintiff would not have been treated the way he was treated by the MDC. The term "motivating factor" does not mean that it was the MDC's only motivation for its decision not to promote the plaintiff, but it must have been a substantial factor that actually led the MDC to make its decision.

**Authorities:**

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 170.20 (5th ed. 2001).

### INSTRUCTION NO. 16:    SECTION 1981 - FAILURE TO PROMOTE

You should be mindful that the law applicable to this case requires that an employer not discriminate against an employee applicant because of the employee's or applicant's race. So far as you are concerned in this case, an employer may fail to promote an employee or applicant for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the plaintiff to lead you to substitute your own judgment for that of the MDC even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees or applicants because of their race.

On the other hand, it is not necessary for the plaintiff to prove that the plaintiff's race was the sole or exclusive reason for the MDC's decision. It is sufficient if the plaintiff proves that his race was a determinative consideration that made a difference in the MDC's decision.

If you find in the plaintiff's favor with respect to each of the facts that the plaintiff must prove, you must then decide whether the MDC has shown by a preponderance of the evidence that the plaintiff would not have been promoted for reasons apart from race, then your verdict should be for the MDC.

**Authorities:**

> Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims
> Instruction No. 1.3.1 (2000).

## INSTRUCTION NO. 17:  SECTION 1981 - INTENT

In order to establish the plaintiff's case, the plaintiff must prove by a preponderance of the evidence that the MDC was motivated by a racially discriminatory purpose.  In other words, the plaintiff must provide that the MDC intentionally and purposefully discriminated against the plaintiff because of his race.

The plaintiff must prove that the MDC actually was motivated by a racially discriminatory purpose.  It is not enough for the plaintiff to show that the MDC's conduct had a negative effect on members of the plaintiff's race.

**Authorities:**

Patterson v. McLean Credit Union, 491 U.S. 164, 186, 109 S.Ct. 2363, 2377, 105 L.Ed.2d 132 (1989).

General Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982).

McDonnell Douglas v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973).

## INSTRUCTION NO. 18:     SECTION 1981 HOSTILE WORK ENVIRONMENT

I want to charge you separately with the additional legal requirements for the plaintiff's claim that the MDC created a hostile work environment on account of his race.

In order to prove that his work environment was hostile, the plaintiff must prove by a preponderance of the evidence each of the following elements: First, that he was subjected to harassment in the form of failure to be promoted, threatening and derogatory treatment, refusal to reclassify his position, and remand of his job responsibilities by the MDC; Second, that the MDC actually engaged in such conduct; Third, that the alleged harassment by the MDC was based upon the plaintiff's race; Fourth, that the plaintiff's claimed conduct was so pervasive and severe as to affect detrimentally the terms and conditions of the plaintiff's employment at the MDC; and Fifth, that the MDC's actions would have detrimentally affected a reasonable person of the same race in plaintiff's position.

### Authorities:

42 U.S.C. § 1981.

Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 63-69 (1986).

Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1042 (2d Cir. 1993).

Mattern v. Eastman Kodak Co., 104 F.3d 702 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 336 (1997).

3 Hon. Edward J. Devitt, *et al*., Federal Jury Practice And Instructions §§ 104.01, 104.09B (4th ed. 1987 & Supp. 1997).