## INSTRUCTION NO. 19:    SECTION 1981 HOSTILE WORK ENVIRONMENT – PERVASIVE AND SEVERE CONDUCT

If you determine that the plaintiff has proven that the conduct he alleges actually occurred, you cannot find for the plaintiff on his Second Count unless you also determine that the plaintiff has proven that the MDC's conduct was so pervasive and severe as to affect detrimentally the terms and conditions of the plaintiff's employment *and* that it created an abusive environment. When you are considering this element of the plaintiff's hostile work environment claim, you should remember that not all workplace conduct that may be described as "harassment" violates section 1981. For harassment to be actionable, it must be sufficiently severe or pervasive to alter the condition of the victim's employment *and* it must create an abusive working environment.

The conduct must be extreme to amount to a change in the terms and conditions of employment. Isolated incidents are not enough to constitute harassment. Rather, in order to succeed on his claim, the plaintiff must prove that his workplace was permeated with discriminatory intimation, ridicule and insults.

In order to determine whether the plaintiff has proven that there was an abusive working environment, you must consider all of the circumstances of the plaintiff's employment. Thus, you should consider the frequency of the alleged discriminatory conduct. As a general rule, incidents must be repeated and sufficiently continuous and concerted to be deemed "pervasive" within the meaning of section 1981. Isolated remarks or occasional episodes of harassment generally are not sufficient to establish a violation.

You should also consider whether the alleged discriminatory conduct was physically threatening or humiliating, or on the contrary, whether it was merely offensive. If you determine that the MDC's conduct toward the plaintiff was merely offensive, you must find for the MDC on plaintiff's Second Count.

It is important that you remember that section 1981 does not arbitrate workplace stability. Nor does section 1981 prohibit genuine but innocuous differences in the ways people of different races routinely interact with members of the same or opposite race. Incidents that are merely offensive or inappropriate if they are isolated and discrete as opposed to being pervasive and severe are not enough to constitute a hostile work environment. The law does not punish trivial behavior. As such, simple teasing, offhand comments and isolated incidents (unless extremely serious) do not amount to discrimination. Only extreme conduct amounting to a material change in the terms and conditions of employment is actionable.

If the plaintiff has failed to prove by a preponderance of the evidence that the alleged conduct was so severe and pervasive as to create a hostile and abusive work environment, then you must find for the MDC on the Second Count of the plaintiff's complaint.

**Authorities:**

Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761, 118 S.Ct. 2257, 2268-69, 141 L.Ed.2d 633 (1998).

Faragher v. City of Boca Raton, 524 U.S. 775, 808, 118 S.Ct. 2275, 2293, 141 L.Ed.2d 662 (1998).

Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. ___, 118 S. Ct. 998 (1998).

Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993).

Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 64 (1986).

Quinn v. Green Tree Credit Corp., No. 97-9045, 1998 U.S. App. LEXIS 28108, *22 (2d Cir. Nov. 5, 1998).

Gallagher v. Delaney, 139 F.3d 338, 347 (2d Cir. 1998).

Tomka v. Seiler Corp., 66 F.3d 1295, 1306 n.5 (2d Cir. 1995).

Kotcher v. Rosa & Sullivan Appliance Center, Inc., 957 F.2d 59, 62 (2d Cir. 1992).

Carrero v. New York City Hous. Auth., 890 F.2d 569, 577-78 (2d Cir. 1989).

## INSTRUCTION NO. 20:   SECTION 1981 HOSTILE WORK ENVIRONMENT – OBJECTIVE AND SUBJECTIVE STANDARD

For the plaintiff to prevail on his hostile work environment claim, he must prove that the allegedly racially hostile environment was both **objectively and subjectively** offensive. In other words, the plaintiff must prove that he subjectively perceived the conduct to be hostile **and** that a reasonable person also would find that conduct to be hostile and abusive.

In determining whether a hostile work environment existed, you first must consider the evidence from the perspective of a reasonable person. This is an objective standard and requires you to look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Instead, you must consider the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological well-being of a reasonable person.

If a reasonable person would view the MDC's behavior as hostile, you must then look at the evidence from the plaintiff's perspective. The plaintiff must subjectively perceive the environment to be hostile.

**Authorities:**

Faragher v. City of Boca Raton, 524 U.S. 775, 808, 118 S.Ct. 2275, 2293, 141 L.Ed.2d 662 (1998).).

Harris v. Forklift Systems, Inc., 510 U.S. 17, 22, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993).

Tomka v. Seiler Corp., 66 F.3d 1295, 1305 (2d Cir. 1995).

Mattern v. Eastman Kodak, 104 F.3d 702 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 336 (1997).

Brittell v. Dep't of Correction, 247 Conn. 148, 166-67, 717 A.2d 1254 (1998).

## INSTRUCTION NO. 21:   TITLE VII STATUTE

In Mr. Thomas's Third Count, the law to be applied is a federal civil rights law that protects individuals against discrimination with respect to the "terms" and "conditions" of their employment.

Title VII of the Civil Rights Act of 1964 provides that "[i]t shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race."

**Authorities:**

42 U.S.C. § 2000e-2.

## INSTRUCTION NO. 22:   TITLE VII ESSENTIAL ELEMENTS

In order for the plaintiff to establish his claim against the MDC under Title VII, the plaintiff has the burden of proving by a preponderance of the evidence that the MDC's actions were motivated by the plaintiff's race.

The plaintiff must prove that the MDC intentionally discriminated against him, that is, that his race must be proven to have been a motivating factor in the MDC's conduct that the plaintiff claims about.

The mere fact that the plaintiff is an African-American and was treated differently from other employees of the MDC is not sufficient, in and of itself, to establish the plaintiff's claim under the law.

In showing that the plaintiff's race was a motivating factor, the plaintiff is not required to prove that his race was the sole motivation or even the primary motivation for the MDC's decision.  The plaintiff need only prove that his race played a motivating part in the MDC's decision even though other factors may also have motivated the MDC.

**Authorities:**

Cabrera v. Jakabovitz, 24 F.3d 373, 381-82 (2d Cir.), cert. denied, 513 U.S. 876, 115 S.Ct. 205, 130 L.Ed.2d 135 (1994).

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions §171.10.

**INSTRUCTION NO. 23:     RETALIATION – OVERVIEW AND ELEMENTS**

I will now discuss the plaintiff's Fourth Count against the MDC, in which he claims that the MDC retaliated against him in violation of Title VII after he testified in a lawsuit filed by an MDC employee named Sharon Harper.

In order to prevail on this claim, the plaintiff must prove all of the following: First, that the plaintiff engaged in conduct legally protected by Title VII; Second, that the MDC knew that the plaintiff had engaged in such protected conduct; Third, that the plaintiff was subjected to an tangible adverse employment action after the protected conduct took place; and Fourth, that the MDC took an adverse employment action against the plaintiff because of the plaintiff's protected conduct.

**Authorities:**

42 U.S.C. § 2000e-3(a).

Fennell v. First Step Designs, Ltd., 83 F.3d 526, 536 (1st Cir. 1996).

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions §171.25.

# INSTRUCTION NO. 24: RETALIATION – TANGIBLE ADVERSE EMPLOYMENT ACTION

If you find that the plaintiff engaged in a protected activity, then you must next consider whether the plaintiff suffered a materially tangible adverse employment action. Not everything that makes an employee unhappy is an actionable adverse employment action. A "tangible employment action" is a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. Mere claims that a supervisor's actions frightened or intimidated an employee are not sufficient to meet this element of the plaintiff's claim of retaliation. As a general rule, an adverse employment action involves a material alteration in the terms and conditions of employment, such as a termination, a demotion, a refusal to promote, or the diminution of wages, job duties, or opportunities for professional growth.

An adverse tangible employment action constitutes a significant change in employment status, such as firing, failing to promote, reassignment with significantly different responsibilities, undesirable reassignment with significantly different responsibilities, undesirable reassignment, or a decision causing a significant change in benefits. An adverse tangible employment action in most cases inflicts direct economic harm. As a general proposition, only a supervisor, or other person acting with the authority of the company, can cause this sort of injury. Adverse tangible employment actions are the means by which the supervisor brings the official power of the enterprise to bear on subordinates. An adverse employment action requires an official act of the enterprise, a company act.

**Authorities:**

Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761, 118 S.Ct. 2257, 2268-69, 141 L.Ed2d 633 (1998).

Faragher v. City of Boca Raton, 524 U.S. 775, 808, 118 S.Ct. 2275, 2293, 141 L.Ed.2d 662 (1998).

Torres v. Pisano, 116 F.3d 625, 639-40 (2d Cir. 1997), *cert. denied*, 118 S. Ct. 563 (1997).

Preda v. Nissho Iwai American Corp., 128 F.3d 789, 791 (2d Cir. 1997).

Mattern v. Eastman Kodak, 104 F.3d 702 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 563 (1997).

Crady v. Liberty Nat'l Bank & Trust Co., 993 F.2d 132, 136 (7th Cir. 1993).