**INSTRUCTION NO. 25:   RETALIATION – CAUSAL CONNECTION**

If you conclude that the plaintiff engaged in a protected activity and that he experienced an adverse employment action, then you must next determine whether the plaintiff has proven by a preponderance of the evidence that the MDC caused him to experience the adverse employment action specifically because he testified in the Sharon Harper lawsuit. He must prove that his having testified in the Sharon Harper lawsuit actually motivated the MDC to retaliate against him.

A causal connection may be established directly by evidence of a written or oral statement by the MDC that it took the adverse employment actions against the plaintiff specifically because he testified in that lawsuit. The plaintiff also may establish the necessary causal connection through proof of a retaliatory animus that the MDC had against the plaintiff following his protected activity. Finally, the plaintiff can establish the required causal connection indirectly through evidence that adverse employment action followed shortly after the protected activity. In considering the plaintiff's retaliation claim, you must not consider any actions taken by the MDC against the plaintiff that relate to conduct occurring before the plaintiff engaged in the protected activity.

If you conclude that the plaintiff has failed to prove a causal connection between his testimony and the subsequent actions the MDC took toward him, then he has failed to establish his claim of retaliation and you must find for the MDC on the Fourth Count of the plaintiff's complaint.

**Authorities:**

Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1039 (2d Cir. 1993).

Sumner v. United States Postal Serv., 899 F.2d 203, 208-09 (2d Cir. 1990).

DeCintio v. Westchester County Med. Center, 821 F.2d 111, 115 (2d Cir.), *cert. denied*, 484 U.S. 965 (1987).

Hill v. Pinkerton Sec. & Investigation Serv., 977 F. Supp. 148, 157 (D. Conn. 1997).

## INSTRUCTION NO. 26:  DEFENSES – INTRODUCTION AND BURDEN OF PROOF

If you find in the plaintiff's favor with respect to each of the facts that the plaintiff must prove, you must then decide whether the MDC has shown by a preponderance of the evidence that the plaintiff would not have been promoted for other reasons even in the absence of consideration of the plaintiff's race.  If you find that the plaintiff would not have been promoted for reasons apart from the plaintiff's race, then your verdict should be for the MDC.

I will now instruct you on the law applicable to the MDC's defenses.  However, as I noted earlier, the fact that I instruct you on these defenses does not, by itself, mean that the plaintiff has proven his claims.

If, after considering the plaintiff's evidence and the MDC's rebuttal of that evidence, you find that the plaintiff has established each and every element of his claim, only then should you concern yourselves with the defenses offered by the MDC.

With regard to any of the MDC's defenses, remember that the plaintiff must disprove the defense by a preponderance of the evidence.  In other words, the MDC establishes the defense unless you find the evidence that opposes the existence of that defense has more convincing force to you than the evidence that supports it.

If you find that the plaintiff has successfully rebutted the defense, then you must find for the plaintiff.  If you find that the MDC has established a defense, then you must find for the MDC.

**Authorities:**

    Williams v. Matthews Co., 499 F.2d 819, 826 (8th Cir.), cert. denied, 419 U.S. 1021, 95 S.Ct. 495, 42 L.Ed.2d 294 (1974).

### INSTRUCTION NO. 27:   HOSTILE WORK ENVIRONMENT – EMPLOYER LIABILITY DEFENSE

If the plaintiff has proven by a preponderance of the evidence each of these elements, then he has established that he was subjected to a hostile work environment. In order to find for the plaintiff on the First Count, Second Count, or Third Count, the plaintiff must still show that the MDC should be held liable for his claimed harassment.

When a supervisor engages in harassing activity, the employer is presumed to be liable for that harassment unless the employer can prove that (1) the employer exercised reasonable care to prevent and promptly correct any harassment by the supervisor, and (2) the employee unreasonably failed to avail himself of any corrective or preventative opportunities provided by the employer or to avoid harm otherwise or that the employee took prompt and remedial measures to address the harm. Thus, you may not find the MDC liable for any conduct engaged in by its supervisors if the MDC proved that it exercised reasonable care to prevent and promptly corrected any harassment and that the plaintiff unreasonably failed to avail himself of any corrective or preventative opportunities provided by the employer.

**Authorities:**

Faragher v. City of Boca Raton, 524 U.S. 775, 808, 118 S.Ct. 2275, 2293, 141 L.Ed.2d 662 (1998).

Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761, 118 S.Ct. 2257, 2268-69, 141 L.Ed2d 633 (1998).

Quinn v. Green Tree Credit Corp., No. 97-9045, 1998 U.S. App. LEXIS 28108, *17 (2d Cir. Nov. 5, 1998).

## INSTRUCTION NO. 28:   HOSTILE WORK ENVIRONMENT – EMPLOYER'S REASONABLE CARE DEFENSE

As part of this defense, the MDC must prove to you that it engaged in reasonable care to prevent and correct any harassment. In determining whether the MDC has proven this, you may consider whether it had a workplace harassment policy with a complaint procedure in effect during the plaintiff's employment.

**Authorities:**

Faragher v. City of Boca Raton, 524 U.S. 775, 808, 118 S.Ct. 2275, 2293, 141 L.Ed.2d 662 (1998).

Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761, 118 S.Ct. 2257, 2268-69, 141 L.Ed2d 633 (1998).

Quinn v. Green Tree Credit Corp., No. 97-9045, 1998 U.S. App. LEXIS 28108, *17 (2d Cir. Nov. 5, 1998).

## INSTRUCTION NO. 29: "SAME DECISION" DEFENSE

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race. So far as you are concerned in this case, an employer may fail to promote an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the MDC even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their race.

**Authorities:**

PriceWaterhouse v. Hopkins, 490 U.S. 228, 242, 109 S.Ct. 1775, 1776, 104 L.Ed.2d 268 (1989).

Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 1.2.1 (2000).

## INSTRUCTION NO. 30: BUSINESS JUDGMENT

Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit, as long as it is not unlawful.

In determining whether the MDC's stated reason for its actions was a pretext for discrimination, you may not question its business judgment. Discriminatory intent established just because you disagree with the business judgment of the MDC, unless you find that the MDC was actually motivated by a discriminatory interest.

**Authorities:**

Desert Palace, Inc. v. Costa, 123 S.Ct 2148 (2003).

Furnco Construction Corp. v. Waters, 438 U.S. 567, 578, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978).

Smith v. F.W. Morse & Co., 76 F.3d 413, 422 (1st Cir. 1996).

Bahl v. Royal Indem. Co., 115 F.3d 1283, 1291 (7th Cir. 1997).

Davidson v. Time, Inc., 972 F.Supp. 148, 153 (E.D.N.Y.1997).

Montana v. First Fed. Savings & Loan Ass'n, 869 F.2d 100, 106 (2d Cir. 1989).

## INSTRUCTION NO. 31:    DAMAGES

If, and only if, you find that the plaintiff proved that the MDC violated section 1983, section 1981, or Title VII, then you must determine an amount of money that is fair compensation for the plaintiff's damages. I remind you that my charge to you regarding damages must not be taken as my indication that you should find for the plaintiff on his First, Second, Third or Fourth Counts.

If, however, you do find in the plaintiff's favor, you may award compensatory damages for injuries that he has proven were actually caused by the MDC's wrongful conduct. The damages you award must be fair compensation, no more and no less.

Finally, in determining the amount of any damages that you decide to award, you should be guided by dispassionate, common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts and evidence. You may not award damages based on sympathy, speculation, or guess work.

**Authorities:**

> Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 145 (2d Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994).
>
> 3 Hon. Edward J. Devitt, *et al.*, Federal Jury Practice And Instructions § 104A.11 (4th) ed. 1987 & Supp. 1997).
>
> O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 170.60 (2001).

## INSTRUCTION NO. 32:   NOMINAL DAMAGES

If you find in favor of the plaintiff, but you find that his damages have no monetary value, then you must return a verdict for the plaintiff in the nominal amount of one dollar.

**Authorities:**

Hodge v. Seiler, 558 F.2d 284, 288 (5th Cir. 1977).

Bailey v. Runyon, 220 F.3d 879, 882 (8th Cir. 2000).

**INSTRUCTION NO. 33:    DAMAGES – MITIGATION OF DAMAGES**

Even if you find that the plaintiff was harmed, as alleged, by the conduct of the MDC, you must consider that the plaintiff was legally obligated to use reasonable care to minimize any resulting losses and damages.  This rule is one of good faith and reasonable conduct, and the requirement is met when the plaintiff does what a reasonably prudent person would be expected to do under the same circumstances.

The principle that a plaintiff injured by the wrongdoing of another must use reasonable care to minimize his damages is of broad application.

I remind you again that my charge to you on the laws of damages must not be taken as my indication that you should decide for the plaintiff.  It is for you to decide on the evidence and the rule of law that I have explained to you whether the plaintiff is entitled to recover anything from the defendants.  If you decide that the plaintiff is not entitled to recover, your verdict will be for the defendant and you need go no further.

**Authorities:**

L. Sand, et al, <u>Modern Federal Jury Instructions</u> (1995), Instr. 87-34.