**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LEBERT THOMAS, | : | CIVIL ACTION NO. |
|     Plaintiff | : | 3:02 CV 457 (MRK) |
| | : | |
| v. | : | |
| | : | |
| THE METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
|     Defendant. | : | AUGUST 9, 2004 |

**DEFENDANT MDC'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION IN LIMINE**

The defendant, Metropolitan District Commission ("MDC"), respectfully submits this memorandum of law in support of its motion in limine (1) to preclude the plaintiff from introducing at trial evidence relating to actions filed against MDC by other employees or former employees, and (2) to preclude the plaintiff from introducing evidence of the amount, or any characterization of the amount, of damages awarded in the Sharon Harper case. Such evidence is irrelevant, highly prejudicial, and poses a substantial risk of confusing the issues, misleading the jury, and wasting the court's time, and therefore, such evidence should be ruled inadmissible.

**I.      Background**

The plaintiff, Lebert Thomas, a former employee of the MDC, alleges that the MDC discriminated against him on the basis of his race and retaliated against him for his testimony in a separate civil rights action brought against the MDC by former employee Sharon Harper, case number 3:96-cv-02171 (AVC). The plaintiff's race discrimination claims are brought under 42 U.S.C. § 1983, 42 U.S.C. § 1981, and 42 U.S.C. § 2000(e). The plaintiff's retaliation claim is brought under 42 U.S.C. § 2000(e). The MDC denies that it discriminated against the plaintiff

on the basis of his race, denies that the plaintiff suffered any adverse job action, and, even if the plaintiff is able to prove discrimination, denies that he sustained any damages. The MDC also denies the plaintiff's claim that it retaliated against him for his having testified in the Sharon Harper lawsuit.

In the plaintiff's witness list, included in the Parties' Joint Trial Memorandum, the plaintiff named a number of other current and former employees of the MDC who have brought civil rights actions against the MDC, including actions filed by counsel to the plaintiff in this case. The MDC moves to preclude the plaintiff from introducing at trial evidence relating to other employees' lawsuits against the MDC, with the exception of evidence relating to Sharon Harper's lawsuit against MDC, to the extent that evidence is relevant to the plaintiff's retaliation claim.

In addition, the plaintiff indicated in the Joint Trial Memorandum that he intends to introduce the jury verdict form from the Sharon Harper case as a trial exhibit. The verdict form shows that the jury in that case returned a verdict of $4.6 million. The MDC moves to preclude the plaintiff from introducing any evidence relating to the amount or characterizing the amount of the verdict, as it is unfairly prejudicial to the MDC.

II. ARGUMENT

    A. **Evidence relating to lawsuits brought by other current or former employees against MDC is inadmissible because it is irrelevant, highly prejudicial, and creates a substantial risk of confusing the jury, potentially misleads the jury, wastes the court's time, and potentially forces the MDC to defend itself with respect to claims not on trial in this case.**

        1. **The evidence of other lawsuits against MDC is not relevant to the plaintiff's claims.**

Under the Federal Rules of Evidence, "evidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence is relevant only if it has a tendency to make the existence of any

fact of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. In addition, evidence of complaints of discrimination against an employer by individuals other than the plaintiff is generally not admissible under the Federal Rules, because evidence of prior "bad acts" is never admissible to establish a propensity to engage in similar acts. Fed. R. Evid. 404(b).

In employment discrimination cases, evidence of other complaints of discrimination against an employer may be admissible for the limited purpose of demonstrating a common practice and policy of discrimination. However, such evidence is only relevant if there is some nexus between the other complaints and the plaintiff's case. See, e.g., Haskell v. Kaman Corp., 743 F.2d 113, 121 (2d Cir. 1984); Fowler v. Transit Supervisors Organization, 2000 U.S. Dist. LEXIS 17452, at *53 (S.D.N.Y. Nov. 1, 2000). Unless related to the plaintiff's claim, such evidence, "aside from presenting unnecessary collateral issues, provides no basis for an inference of discrimination." Haskell, 743 F.2d at 122.

It is well-settled that, if other employment discrimination complaints involve different circumstances than the plaintiff's claim, they are irrelevant. For example, evidence relating to complaints involving different supervisors, job positions, types of discrimination, and/or adverse actions than the plaintiff's complaint is not relevant to demonstrating a common practice and policy, and is therefore inadmissible. See McLeod v. Parsons Corp., 73 Fed. Appx. 846, 854 (6th Cir. Sept. 5, 2003) (evidence of other employment discrimination lawsuits was properly excluded where there was no nexus between other lawsuits and plaintiff's case; the employees who filed actions worked at different locations and were discharged for a variety of reasons); Haskell, 743 F.2d at 121 (testimony of six former employees as to the circumstances of their terminations, which occurred prior to and were unrelated to plaintiff's termination, did not

3

establish a pattern or practice and was irrelevant to plaintiff's claim); Fowler, 2000 U.S. Dist. LEXIS at *53 (excluding evidence of other complaints against employer where they alleged acts by different supervisors); Rivera v. Baccarat, Inc., 1997 U.S. Dist. LEXIS 19911 at *5 (S.D.N.Y. Dec. 12, 1997), rev'd on other grounds, 205 F.3d 1324 (2d Cir. 2000) (evidence of prior alleged discrimination against other employees inadmissible because there was no nexus between prior actions by employer and plaintiff's allegations); Glenn v. Scott Paper Co., 1993 U.S. Dist. LEXIS 14966 at *29 (D. N.J. Oct. 20, 1993) (evidence of discrimination action brought by other employee has no relevance to plaintiff's claim where claims implicated different decision-makers).

There are stark differences between the allegations in the present case and those in the other discrimination complaints against MDC; therefore, the evidence of other complaints is irrelevant. In denying class certification in another pending action against MDC, this Court has noted the disparities among the claims of the plaintiffs in the various actions filed against the MDC and the putative class members. This Court found that as a result of these differences, there were insufficient similarities to establish a common practice and policy. See Morgan v. Metropolitan Dist. Comm'n, 2004 U.S. Dist. LEXIS 12330, at *40-*45 (D. Conn. June 28, 2004) (finding that the plaintiffs and affiants alleged different adverse actions, worked in varying departments, had different supervisors, and had different dates of employment). In fact, the Court did not even consider the plaintiff's affidavit in support of the motion for class certification in that case because the plaintiff was not similarly-situated to the other employees. Given this Court's ruling that the plaintiff's affidavit was not relevant to the plaintiffs' claims in the Morgan case, the reverse also should be true: that the other employees' claims are irrelevant to the plaintiff's claims in this case. Given the differences between this case and the other

lawsuits against the MDC, evidence relating to those other lawsuits is not relevant to the plaintiff's claims, and therefore should be ruled inadmissible.

        2.       **The probative value of evidence of the other lawsuits against the MDC is outweighed by the risk of unfair prejudice.**

Even if evidence of other lawsuits against the MDC somehow were relevant, its limited probative value is clearly outweighed by the danger of unfair prejudice to the MDC. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Evidence that may cause a jury to base its decision on something other than the established propositions in the case is unfairly prejudicial. See Weinstein's Federal Evidence, §403.04[1][b] (2d ed. 2004).

Evidence of isolated individual complaints alleging discrimination is of limited probative value in establishing the existence of a discriminatory practice. See Morehouse v. Boeing Co., 501 F. Supp. 390, 394 (E.D. Pa. 1990) (finding that "having the [other employees] recount the isolated actions taken against them individually would be of limited probative value to show the existence of a pattern or practice" of discrimination). Further, as discussed above, "[o]nly discrimination or retaliation of the same character and type that is alleged is probative." See Coles v. Perry, 217 F.R.D. 1, 10 n.5 (D.C. Cir. 2003). Therefore, where, as here, the other complaints are dissimilar from the underlying case, involving for example different alleged adverse actions, supervisors, employer departments, and dates of employment, the probative value is especially weak.

While the probative value of "other complaints" evidence is weak, it also carries a substantial risk that the jury will base its decision on events involving other employees, rather

5