than those involving the plaintiff. See Tennison v. Circus Circus Enterprises, 244 F.3d 684 (9th Cir. 2001) (testimony by other employees against same harasser was properly excluded because of the significant danger that the jury would base its assessment of liability on events involving other employees); Fowler, 2000 U.S. Dist. LEXIS at *52. Courts have emphasized that the risk of prejudice in allowing other employees to testify about their own lawsuits against the defendant, unrelated to the plaintiff's claims, outweighs any probative value of the testimony. The Second Circuit Court of Appeals, for example, determined such testimony is unfairly prejudicial because "even the strongest jury instructions could not have dulled the impact of a parade of witnesses, each recounting his contention that defendant had laid him off because of his age." See Haskell, 743 F.2d at 122 (quoting Moorhouse, 501 F. Supp. at 393 n.4.). The danger that the jury would be compelled to base its assessment of liability on events that have no relationship to the plaintiff's claim clearly outweighs any conceivable probative value of the evidence.

    3.    **The probative value of evidence of other actions against the MDC is outweighed by the risk of confusion of the issues, misleading the jury, wasting time, and forcing the MDC to defend itself from those other claims in this lawsuit.**

The introduction of evidence of complaints of discrimination that have no relationship to the plaintiff's case also would result in time expended in the examination of the veracity of the other discrimination complaints against the MDC. Thus, the court would be forced to engage in a series of "mini-trials" over complaints that are unrelated to the plaintiff's claims. Obviously, such "trials-within-a-trial" proceedings carry an inherent risk of confusing the issues and misleading the jury. See Coles, 217 F.R.D. at 10 (excluding evidence of prior lawsuit by other employee to avoid "mini trial"); Manuel v. City of Chicago, 335 F.3d 592 (7th Cir. 2003) (evidence of unrelated discriminatory acts properly excluded because, if the evidence had been

admitted, the parties would have argued over the truthfulness of that evidence, shifting the jury's focus away from the plaintiff's claims); Tennison, 244 F.3d at 690 (testimony of other employees regarding harassment by same supervisor properly excluded where it would have resulted in a "mini trial" that would waste trial time); Moorehouse, 501 F. Supp. at 393 (allowing plaintiff to present such evidence places the defendant in an untenable position of choosing between allowing the evidence to stand unrebutted, or to rebut each case, with the attendant confusion and prejudice inherent in that situation).

Thus, courts have precluded evidence of even one other claim of discrimination on the grounds that such evidence tends to confuse the issues. Introduction of evidence of a number of other discrimination cases against the MDC—especially given the complexities of the facts of those cases—would inevitably risk shifting the jury's focus away from the plaintiff's claim, confusing the issues, and expending valuable time litigating each case. This risk substantially outweighs the weak probative value of such evidence.

B.  **Evidence of the amount or characterization of the damages awarded in the Sharon Harper case is highly prejudicial and therefore should be ruled inadmissible.**

The plaintiff seeks to introduce at trial the jury verdict form from the case filed by Sharon Harper against the MDC. The verdict form lists a verdict in the amount of $4.6 million. Although certain evidence relating to Ms. Harper's case may be relevant to the plaintiff's retaliation claims, the tendency of the evidence relating to the amount of the verdict to create unfair prejudice substantially outweighs its probative value. "Rule 403 is ... properly utilized to prevent the jury from reaching its decision based on a prior finding - in essence, ratifying the earlier decision - instead of basing its verdict on the evidence presented in the instant case." Guidi v. Inter-Continental Hotels Corp., 2003 U.S. Dist. LEXIS 6385 (S.D.N.Y. April 16, 2003). "A jury is likely to give a prior verdict against the same defendant more weight than it warrants.

The admission of a prior verdict creates the possibility that the jury will defer to the earlier result and thus will, effectively, decide a case on evidence not before it." Coleman Motor Co. v. Chrysler Corp., 525 F.2d 1338, 1351 (3rd Cir. 1975) (granting new trial due to plaintiff's reference to previous judgment against defendant in prior case).

Thus, the risk of such evidence is that the jury—which will have no opportunity to independently evaluate the evidence in the Sharon Harper case—will base its decision on liability and assessment of damages in the present case on the amount of the verdict in the unrelated case. See Coles, 217 F.R.D. at 10 (precluding evidence of prior decision in unrelated case because jury would be forced to accept the findings without an independent evaluation of the evidence). The amount of the verdict in the Sharon Harper case is irrelevant to the present case. Therefore, the risk of prejudice to the MDC substantially outweighs any conceivable probative value of the evidence.

As it is improper to suggest to the jury the amount of damages that should be awarded in a particular case based on the verdict awarded in a different case, presenting documentary evidence imparting the same information to the jury is also improper. "Arguing to the jury the amount of the verdict in cases having similar facts generally has been held improper, and, moreover, is often held to constitute prejudicial or reversible error." Jacob A. Stein, Closing Argument, § 63, at 242 (1996). Introducing the verdict form from the Sharon Harper case would have precisely the prejudicial effect this rule is intended to prevent. Therefore, MDC respectfully requests that the Court preclude the plaintiff from introducing in his case any evidence relating to the amount of the verdict, or any characterization of the amount of the verdict, in the Sharon Harper case.

### III. Conclusion

For the foregoing reasons, the Court should grant the MDC's motion in limine and preclude the introduction of any evidence relating to other lawsuits brought against the MDC, with the exception of the Sharon Harper lawsuit. The Court also should preclude the introduction of any evidence relating to the amount of the verdict, or any characterization of the amount of the verdict, in the Sharon Harper case.

DEFENDANT
THE METROPOLITAN DISTRICT
COMMISSION

By _____
James A. Wade (ct00086)
E-mail: jwade@rc.com
Stephen W. Aronson (ct02216)
E-mail: saronson@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Phone: (860) 275-8200
Fax: (860) 275-8299

9

## CERTIFICATION

This is to certify that a copy of the foregoing was hand-delivered or mailed, postage prepaid on this 9th day of August, 2004 to the following counsel of record:

Robert W. Heagney, Esq.
Stuart E. Brown, Esq.
Hassett & George, P.C.
555 Franklin Avenue
Hartford, CT  06114

_____
Stephen W. Aronson