UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEBERT THOMAS,                             :    CIVIL ACTION NO.
    Plaintiff,                          :    3:02-CV-00457 (MRK)
                                       :
v.                                         :
                                       :
THE METROPOLITAN DISTRICT                  :
COMMISSION,                                :
    Defendant.                          :    OCTOBER 1, 2004

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED
JURY INSTRUCTIONS AND PROPOSED VERDICT FORMS**

At the request of the Court during the pretrial conference on September 22, 2004, the

defendant, Metropolitan District Commission, hereby submits its objections to the plaintiff's

Proposed Jury Instructions and the plaintiff's Proposed Verdict Forms, both dated August 10,

2004.

**I.     Plaintiff's Proposed Jury Instructions**

**A.     Count One – Race Discrimination Under Section 1983**

The MDC objects to the plaintiff's proposed instructions for violation of Section 1983 on

the grounds that the plaintiff attempts to over-simplify the standards for liability under Section

1983.  The charge is incorrect and misleading to the extent that the plaintiff seeks to impose

liability against the MDC simply upon proof an adverse employment action, that the plaintiff's

race was a motivating factor, and the MDC was acting under color of state law.  The MDC's

proposed instructions set forth a correct statement of the applicable law and provide better guidance for the jury to consider this claim.

In addition, there is nothing in the plaintiff's proposed instructions that identifies the constitutional provision or other law that the plaintiff seeks to enforce under Section 1983. The MDC understands that the plaintiff is claiming a violation of the Equal Protection clause of the U.S. Constitution, but the plaintiff's charge does not contain any reference to that clause. The MDC's charge, in contrast, references to the Equal Protection clause.

In addition, the MDC objects to this proposed jury instruction on the grounds that it improperly argues the evidence that the plaintiff hopes to elicit at trial but has not elicited and may not be able to elicit. In fact, as stated, some of the claims that the plaintiff seeks to present to the jury appear to be outside the scope of the time frame represented by the plaintiff. The plaintiff's proposed instruction attempts to improperly argue the merits of the plaintiff's claims against the MDC. The MDC's proposed instruction is a fairer statement of the applicable law.

In addition, the plaintiff also seems to assert a claim for hostile work environment under his Section 1983 claim. As part of that claim, the plaintiff unnecessarily confuses the elements and presents them in a confusing manner. The hostile work environment instruction lists factors that the plaintiff seeks to have the jury consider but those factors are similarly confusing and seem to lack context. The MDC's proposed instruction is a fairer statement of the applicable law.

**B.**    <u>**Count Two – Race Discrimination under Section 1981**</u>

The MDC objects to the editorial comments following the language of Section 1981. Those comments also misstate the plaintiff's burden of proof.

The MDC further objects to this instruction on the grounds that the plaintiff overly simplified the elements of a Section 1981 claim. The MDC's proposed instruction is a correct statement of the applicable law.

In addition, the MDC objects to the paragraph attempting to explain the differences between the instructions for Section 1983 claim and a Section 1981 claim. While the plaintiff correctly points out that there is no requirement of state action in his Section 1981 claim, he ignores the other elements as set forth in the MDC's proposed instructions.

In addition, the plaintiff also seems to assert a claim for hostile work environment under his Section 1981 claim. As part of that claim, the plaintiff unnecessarily confuses the elements and presents them in a confusing manner. The hostile work environment instruction lists factors that the plaintiff seeks to have the jury consider but those factors are similarly confusing and seem to lack context. The MDC's proposed instruction is a fairer statement of the applicable law.

**C.**    <u>**Count Three – Race Discrimination under Title VII**</u>

The MDC objects to this instruction on the grounds that the plaintiff overly simplified the elements of a Title VII claim. The MDC's proposed instruction is a correct statement of the applicable law.

The MDC also objects to the instructions to the extent that they appear to confusing and may incorporate the McDonnell Douglas burden-shifting framework for race discrimination claims under Title VII. As explained by the Second Circuit, "As we have previously stressed, this burden-shifting scheme is a blueprint to guide a district court in the conduct of a trial. Explaining it to the jury in the charge, we believe, is more likely to confuse rather than enlighten the members of the jury." Sanders v. New York City Human Resources Administration, 361 F.3d 749, 758 (2d Cir. 2004) (citing Gordon v. New York City Board of Education, 232 F.3d 111, 118 (2d Cir. 2000)).

D.     **Count Four – Retaliation under Title VII**

The MDC objects to the plaintiff's proposed instructions on the ground that they improperly casts the plaintiff's retaliation claim as a claim for "discrimination as retaliation."

The MDC also objects to this instruction on the grounds that the plaintiff overly simplified the elements of a Title VII retaliation claim. The MDC's proposed instruction is a correct statement of the applicable law.

The MDC also objects to the instructions to the extent that they expressly incorporate the McDonnell Douglas burden-shifting framework for retaliation claims under Title VII. As explained by the Second Circuit, "As we have previously stressed, this burden-shifting scheme is a blueprint to guide a district court in the conduct of a trial. Explaining it to the jury in the charge, we believe, is more likely to confuse rather than enlighten the members of the jury." Sanders v. New York City Human Resources Administration, 361 F.3d 749, 758 (2d Cir. 2004)

- 4 -

(citing <u>Gordon v. New York City Board of Education</u>, 232 F.3d 111, 118 (2d Cir. 2000)).  The MDC's instructions are a correct statement of the law for the plaintiff's Title VII retaliation claim.

Finally, the plaintiff's proposed instructions do not address any defenses and the applicable burden of proof for those defenses.  The MDC's proposed instructions contain a correct statement of the applicable law.

### E.    **Damages**

The MDC objects to the plaintiff's proposed instructions on damages on the grounds that, in the first paragraph, the plaintiff states that "damages include" a list of components rather than "damages may include" certain components.  That language may have the effect of coercing the jury to add each of those items into a calculation.  The MDC believes that its charge is a correct statement of the law on damages.

The MDC also objects to the language in the second paragraph allowing for injuries that the plaintiff is "likely to suffer in the future."  That statement is confusing and seems to violate the time frames that were represented by the plaintiff's counsel as defining the relevant time frame for his claims.

The MDC also objects to the use of the word "Defendants" in the second, fourth, fifth, and sixth paragraphs and the use of the word "Plaintiffs" in the seventh paragraph, as those plural terms are misleading, confusing, and incorrect given that there is only one plaintiff and one defendant in this case.

The MDC further objects to the plaintiff's instructions in the fourth paragraph to the extent that they purport to coerce the jury to award certain damages. Although the plaintiff earlier states that the jury "must use sound discretion" in the fourth paragraph he states that "you must award" certain damages. That statement is not a correct statement of the law. The plaintiff's use of the phrase "paid at the appropriate level" is confusing and improper and unfairly suggests that the jury should return a verdict for the plaintiff. The MDC similarly objects to the language that purports to require the jury to award damages "until the date of trial" as it is an incorrect statement of the law, is unfair and overly suggestive to the jury.

The MDC further objects to the plaintiff's statement in the fifth paragraph that the plaintiff is "not required to prove [damages] with unrealistic precision" and that "[a]ny ambiguities … should be resolved against the [MDC]." The MDC also objects to the plaintiff's statement in the sixth paragraph that "[n]o evidence [of damages] … need be introduced." These are not correct statements of the law. The plaintiff is required to prove any damages with a reasonable degree of certainty. Although mathematical precision is not required, the award must not be based on speculation or guesswork. Raishevich v. Foster, 247 F.3d 337, 343 (2d Cir. 2001) (citations omitted).

For the above reasons, the MDC further objects to the plaintiff's statement that the "plaintiff is entitled to compensatory damages" in the sixth and seventh paragraphs and the statement that he "is entitled" to damages in the eighth paragraph. The MDC also objects to the

extent that the plaintiff does not mention mitigation, the plaintiff's obligation to mitigate any damages, or that any damages should be stated in terms of present value.

Finally, the MDC objects to the plaintiff's instructions in the eighth paragraph on the grounds that they are confusing, misleading, and present an incorrect statement of the law. There is no right to compensation for lost "earning power." Also, there is no guidance on what the plaintiff means by "statement in question." The MDC submits that its proposed instructions properly state the law of damages.

## II.     Plaintiff's Proposed Verdict Forms

The MDC objects to the plaintiff's proposed verdict forms on the grounds that they do not provide for interrogatories or other written findings on any of the issues of fact that are necessary for a verdict. The MDC believes that its verdict form is a fairer form for recording the jury's verdict.

DEFENDANT, THE METROPOLITAN
DISTRICT COMMISSION

By: _____
James A. Wade (ct00086)
E-mail: jwade@rc.com
Stephen W. Aronson (ct02216)
E-mail: saronson@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Phone: (860) 275-8200
Fax: (860) 275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed via first class mail on this the 1st

day of October, 2004, to the following counsel of record:

Robert W. Heagney, Esq.
Stuart E. Brown, Esq.
Hassett & George, P.C.
555 Franklin Avenue
Hartford, CT  06114

Stephen W. Aronson