UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEBERT THOMAS,<br>Plaintiff, | : CIVIL ACTION NO.<br>: 3:02-CV-00457 (MRK)<br>: |
| v. | : |
| METROPOLITAN DISTRICT COMMISSION,<br>Defendant. | :<br>: NOVEMBER 11, 2004 |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM RE: JURY INSTRUCTIONS ON AFFIRMATIVE DEFENSE AND TITLE VII DAMAGES CAPS**

At the request of the Court, the defendant, Metropolitan District Commission, submits the following legal authorities regarding the employer's affirmative defense and the applicability of the Title VII damages caps.

**I.     Faragher/Ellerth Affirmative Defense**

In court yesterday, the Court and the parties questioned the proposed language for a charge on the employer's affirmative defense under the Faragher/Ellerth line of cases. As explained by the United States Supreme Court in those cases:

> When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence. <u>The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.</u> While proof that an employer had promulgated an antiharassment policy with complaint procedure is not necessary in every instance as a matter of law, the need for a stated policy suitable to the employment circumstances may appropriately be addressed in any case when litigating the first element of the defense. And while proof that an employee failed to fulfill the corresponding obligation of reasonable care to avoid harm is not limited to showing an unreasonable failure to use any complaint procedure provided by the employer, a demonstration of such failure will normally suffice to satisfy the

> employer's burden under the second element of the defense. No affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment.

Faragher v. City of Boca Raton, 524 U.S. 775, 807-08, 118 S. Ct. 2275, 141 L.Ed.2d 662 (1998) (citations omitted) (emphasis added); Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 765, 118 S. Ct. 2257, 141 L.Ed.2d 633 (1998) (same). See also Mack v. Otis Elevator Co., 326 F.3d 116, 125 (2d Cir. 2003).

**II.     Title VII Damages Caps**

In court yesterday, plaintiff's counsel argued that Title VII's damages cap applies separately to each Title VII claim asserted by the plaintiff. Contrary to the plaintiff's argument, Title VII's cap on damages applies on a "per lawsuit," not "per claim" basis. Hudson v. Reno, 130 F.3d 1193, 1200 (6th Cir. 1997) ("Simply put, the §1981a caps apply to each party in an action, not to each claim, and there is nothing in the language of the statute to indicate otherwise"), overruled in part on other grounds by Pollard v. E. I. du Pont de Nemours & Co., 532 U.S. 843 (2001); Smith v. Chicago School Reform Board of Trustees, 165 F.3d 1142 (7th Cir. 1999) (explaining that damages cap applies to entire lawsuit, not individual claims, otherwise "cap is ineffectual"); Baty v. Willamette Industries, 172 F.3d 1232 (9th Cir. 1999) (relying on Hudson v. Reno and Smith v. Chicago School Reform Board of Trustees to conclude that damages cap applies to both sexual harassment and retaliation claims); Muller v. Costello, 997 F. Supp. 299, 302-03 (N.D.N.Y. 1998) (declining to apply Title VII cap separately to plaintiff's discrimination and retaliation claims), overruled on other grounds by Board of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356 (2001); Fogg v. Ashcroft, 349 U.S.

2

App. D.C. 26 (D.C. Cir. 2001) (rejecting plaintiff's attempt to apply cap to individual counts in a lawsuit, as opposed to the lawsuit as a whole); Hall v. Stormont Trice Sorp., 976 F. Supp. 383, 385-386 (E.D. Va. 1997) ("Plaintiff should not be able to recover additional damages because she or her attorney were able to envision multiple legal theories upon which to base her discrimination complaint."); Krahel v. Owens-Brockway Glass Container, Inc., 971 F. Supp. 440, 455-56 (D. Or. 1997) (finding that $ 300,000 limit was intended to limit the total recovery on all of plaintiff's Title VII claims against her employer and she may not circumvent that limit by pleading multiple claims alleging separate violations of Title VII by the same defendant).

DEFENDANT,
METROPOLITAN DISTRICT COMMISSION

By: _____
James A. Wade (ct00086)
E-mail: jwade@rc.com
Stephen W. Aronson (ct02216)
E-mail: saronson@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Phone: (860) 275-8200
Fax: (860) 275-8299

## **CERTIFICATION**

This is to certify that a copy of the foregoing was faxed and mailed on this 11th day of November, 2004, to the following counsel of record:

Robert W. Heagney, Esq.
Stuart E. Brown, Esq.
Hassett & George, P.C.
555 Franklin Avenue
Hartford, CT 06114

_____
Stephen W. Aronson