UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEBERT THOMAS, | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02 CV 457 (MRK) |
| | : | |
| v. | : | |
| | : | |
| THE METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
| Defendant. | : | DECEMBER 28, 2004 |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S OBJECTION TO BILL OF COSTS**

The defendant, The Metropolitan District Commission, hereby opposes and responds to the plaintiff's objection to bill of costs, for the following reasons:

A.   The Plaintiff's Objection Is Untimely.

Local Rule 54 provides that "[a]ny objections to the bill of costs shall be filed with the Clerk within ten (10) days of the filing of the bill of costs." L. Civ. R. 54(b). The MDC's verified bill of costs was filed on November 24, 2004. The plaintiff's objection was filed on December 23, 2004. The period of time for filing any objection to the MDC's bill of costs has passed. Accordingly, the plaintiff's objection should be overruled as untimely.

B.   Marshal Fees for Subpoena of Richard Newton.

On pages 1-2 of his objection, the plaintiff claims that it was "unnecessary" for the MDC to subpoena Richard Newton because "the Defendant was aware that the Plaintiff had listed Newton as a likely witness pursuant to the Joint Trial Memorandum, and the Plaintiff himself served a subpoena upon Richard Newton." Objection at 2. Although the MDC was aware that Mr. Newton was listed as a possible witness pursuant to the parties' Joint Trial Memorandum,

HART1-1226256-1

the MDC did not know, until Mr. Newton actually testified, that the plaintiff would proffer his testimony at trial. It was, therefore, both prudent and necessary for the MDC to subpoena Mr. Newton to testify at the trial. The fact that the plaintiff also served a subpoena on Mr. Newton to testify at the trial does not vitiate the MDC's right to recover the cost of its subpoena of Mr. Newton. Accordingly, for this reason also, the plaintiff's objection should be overruled.

C.    Costs for Eddie Perez Deposition.

On page 2 of his objection, the plaintiff asserts that "there were no questions asked" about his case in the Eddie Perez deposition. That assertion is simply not supported by a review of the deposition transcript. Even a cursory review of Mr. Perez's transcript shows that the plaintiff's counsel, Robert Heagney, questioned Mr. Perez at length about the subject matter of the Lebert Thomas case. Page 1 of the transcript expressly notes that the deposition is being taken in the Lebert Thomas case. See Attachment 1. Mr. Heagney clearly stated on page 4, "Mr. Perez, my name is Rob Heagney, the attorney for several individuals, among them Daisy Chavez and Lebert Thomas, and a group of individuals that have a class action against the MDC for discrimination." See Attachment 1. Throughout the deposition of Mr. Perez, Mr. Heagney questioned Mr. Perez about the Sharon Harper verdict and its impact on the MDC, the MDC's investigation of complaints of discrimination, the MDC's hiring practices, the role of the MDC commissioners in the promotion of minorities, the history of complaints of discrimination against the MDC, the problems with the computer system, and other matters that were part of the Lebert Thomas case. See Attachment 1. The transcript belies the plaintiff's statement that "there were no questions asked in relation to his case." Accordingly, for these reasons also, the plaintiff's objection should be overruled.

D.     Costs for Paul Ritter, George Sparks, Robert Moore, and Robert Zaik Depositions.

On pages 2-3 of his objection, the plaintiff asserts that he "is only responsible for one-third of the costs of these depositions" due to a supposed agreement that allowed the depositions to be used in three related cases. The plaintiff provided no information about any such "agreement." Even if there was an agreement permitting the transcripts, as the plaintiff says, "to be used" in other cases, that agreement does not provide any reason for splitting the costs of the deposition among the three cases. The plaintiff also points out that "several of the deposition invoices" did not list the Lebert Thomas case.

Again, the transcripts belie the plaintiff's assertions. The transcript of the deposition of Paul Ritter plainly shows, on page 1, that this was a deposition taken solely in the Lebert Thomas case. See Attachment 2. As Mr. Heagney explained on page 4: "I am Robert Heagney, I am counsel to Lebert Thomas in his claim of discrimination and retaliation against The Metropolitan District Commission and I am going to be asking you questions this morning." See Attachment 2. Accordingly, the plaintiff's offer to pay only one-third of Rev. Ritter's deposition cost is unfounded. The court should award the full cost of the Rev. Ritter's deposition transcript.

The deposition transcript for George Sparks shows that it was taken in both the Lebert Thomas and Daisy Chavez cases. See Attachment 3. A review of the deposition transcript for Mr. Sparks shows that again, throughout the deposition, plaintiff's counsel deposed Mr. Sparks about the subject matter of the plaintiff's case. See Attachment 3. The plaintiff's claim that he is responsible for only one-third of the cost is unfounded. The court should award the full cost of Mr. Sparks' deposition transcript.

The MDC notes that the Robert Moore and Robert Zaik depositions were taken in three matters. However, a review of the deposition transcripts show that the bulk of the depositions

were devoted to facts related to the Lebert Thomas case. In any event, the plaintiff did not timely object to this claim for costs. The court should award the full cost of Mr. Moore's and Mr. Zaik's deposition transcripts.

E.  Costs for Richard Newton and Cornelius Geldof Depositions.

On page 3 of the plaintiff's objection, the plaintiff asserts that he "is only responsible for one-half of the costs of these depositions" because the depositions also were used in the Daisy Chavez case. Again, the transcripts of the Newton and Geldof depositions belie the plaintiff's assertions.

In both of the Richard Newton and Cornelius Geldof depositions, the cover page plainly shows that these were depositions taken only in the Lebert Thomas case. See Attachments 4, 5. In addition, on page 4 of Mr. Newton's deposition, plaintiff's counsel, Mr. Heagney, states: "Morning, Mr. Newton. I'm Rob Heagney here as counsel to Mr. Thomas in his action. I am going to ask you some questions today." See Attachment 4. Similarly, on page 4 of the Geldof deposition, Mr. Heagney states: "Good morning, Mr. Geldof. For the record, I'm Rob Heagney. I'm representing Mr. Thomas in his action against The Metropolitan District Commission. You are familiar with that?" See Attachment 5. These deposition transcripts show that the witnesses were questioned at length about the plaintiff's lawsuit. Although Daisy Chavez's name appears in those transcripts, her name appears a scant 41 times compared with the plaintiff whose name is mentioned 259 times. And it must be remembered that the plaintiff called Ms. Chavez as a witness at trial in support of his claims. Accordingly, the MDC requests full payment of the costs of the deposition transcripts for Mr. Newton and Mr. Geldof.

For all of the foregoing reasons, the MDC requests that the court award all of the costs listed in the MDC's verified bill of costs.

DEFENDANT,
THE METROPOLITAN DISTRICT
COMMISSION

By /s/ James A. Wade
James A. Wade (ct00086)
E-mail: jwade@rc.com
Stephen W. Aronson (ct02216)
E-mail: saronson@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Phone: (860) 275-8200
Fax: (860) 275-8299

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed via first class mail on this the 28th day of December, 2004, to the following counsel of record:

Robert W. Heagney, Esq.
Stuart E. Brown, Esq.
Hassett & George, P.C.
555 Franklin Avenue
Hartford, CT  06114

_____
Stephen W. Aronson