# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEBERT THOMAS | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 3:02CV457(MRK) |
| v. | : | |
| | : | |
| METROPOLITAN DISTRICT | : | |
| COMMISSION | : | |
| | : | |
| Defendant. | : | |

## <u>RULING AND ORDER</u>

Presently before the Court is Defendant MDC's Motion for Entry of Award of Costs [**doc. #86**].  Having conducted a telephonic conference with the parties on February 8, 2005, see Minute Entry [doc. #85], and having considered the briefs submitted by the parties, the Court rules as follows.

The first disputed item is the cost of subpoenaing four non-party witnesses.  *See* Plaintiff's Objection to Def.'s Bill of Costs [doc. #83] at 1-2.  Mr. Thomas argues that he should not have to bear the cost of subpoenaing witnesses Anthony Gallachio, Cornelius Geldof, and John J. Proulx because MDC chose not to call these witnesses and as a result, they did not attend the trial.  The Court agrees with Mr. Thomas and sustains his objection.  Accordingly, the $292.10 claimed by MDC for subpoenaing the aforementioned witnesses shall not to be taxed to Mr. Thomas.  However, Mr. Thomas also objects to an award for the cost of subpoenaing non-party witness Richard Newton who did testify at trial.  The Court overrules this objection.  Accordingly, the $90.50 claimed by MDC for Mr. Newton's subpoena shall be taxed to Mr. Thomas.  The Court also notes that Mr. Thomas did not raise any objection to the subpoena cost

of $93.10 for Stephen Paul who also testified at trial.

The second disputed item is the cost of deposing seven witnesses: Eddie Perez, Paul Ritter, George Sparks, Robert Moore, Robert Zaik, Richard Newton and Cornelius Geldoff, all of whom were apparently deposed in more than one case. Plaintiff argues that he should not bear the entire cost for these depositions because they were taken for use in two other cases involving the MDC as well as Mr. Thomas's case. During a telephonic conference on February 8, 2005, the Court urged the attorneys for the parties to reach an agreement on dividing up the depositions costs among the various cases involving MDC. Regrettably, however, the parties have been unable to reach agreement. *See* Def.'s Motion for Entry of Award of Costs [doc. #86] at 2. In the absence of any agreement among the parties regarding the allocation of the deposition costs among the case, the Court concludes that one-third of the transcript costs for the depositions of the aforementioned seven witnesses are properly taxable to Mr. Thomas. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("The decision to award costs to a prevailing party under Fed.R.Civ.P. 54(d) rests within the sound discretion of the district court."). Accordingly, $1000.28, approximately one third of the total deposition costs claimed by MDC for the aforementioned seven witnesses, shall be taxed to Mr. Thomas. Finally, the Court notes that Mr. Thomas did not raise any objection to the deposition costs of $1636.92 for Jennifer Ottalagana, Michael Curley, Stephen Rhoades, and himself.

In conclusion, the Court GRANTS IN PART AND DENIES IN PART MDC's Motion for Entry of Award of Costs [**doc. #86**]. A total of **$2964.00** in costs shall be awarded to MDC and taxed to Mr. Thomas. This total figure consists of the following: (1) $183.60 for the costs of subpoenaing Mr. Newton and Mr. Paul; (2) $2,637.20 for the cost of deposing eleven witnesses; and (3) $143.20 for the to cost of copies which was not objected to.

IT IS SO ORDERED.


/s/ _____Mark R. Kravitz_____
United States District Judge

**Dated at New Haven, Connecticut: <u>April 12, 2005</u>**.